## PARK v. COULSON.

### No. 5140.

Court of Civil Appeals of Texas. Amarillo.

April 22, 1940.

Grady L. Fox, of Amarillo, for appellant.

Henry L. Ford, of Amarillo, for appellee.

JACKSON, Chief Justice.

The appellee, L. T. Coulson, instituted this suit in Justice Court, Precinct No. 1, of Potter County, Texas, against the appellant, W. B. Park, on a promissory note executed by him in renewal of a former note for the sum of $185 due on or before twelve months after October 6, 1935. From a judgment in justice court in favor of appellant an appeal was prosecuted to the county court.

The appellant as a defense pleaded the note was given for services of the appellee as a chiropractor who was not a legally licensed physician nor medical doctor as required by the laws of the State of Texas and all charges for such services were in violation of law and the note given therefor was illegal and without consideration.

The appellee testified that he was a licensed chiropractor in the State of Oklahoma where the services for which the note was given were rendered.

■ There is neither allegation nor proof in this record as to the right of appellee to practice chiropractic in the State of Oklahoma and, in the absence of such proof, it is presumed that the law of Oklahoma relative to the practice of a chiropractor for pay is the same as the law in Texas. Kinney et al. v. Tri-State Telephone Co. et al., Tex.Civ.App., 201 S.W. 1180; Brand, Banking Commissioner et al. v. Eubank, Tex.Civ.App., 81 S.W.2d 1023; Hicks et al. v. Rapides Grocery Co., Inc., Tex.Civ.App., 101 S.W.2d 1042; Mauritz et al. v. Schwind et al., Tex.Civ.App., 101 S.W.2d 1085.

Article 741 of the Penal Code of the State of Texas provides:

"Any person shall be regarded as practicing medicine within the meaning of this chapter:

"1. Who shall publicly profess to be a physician or surgeon and shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof.

"2. Who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation."

■■ The record shows conclusively that the note was given for the treatment of a patient by appellee for some supposed disease or disorder, physical deformity or injury or some mental or physical ailment and, under the law of the State, article 739 of Vernon's Texas Statutes, 1936 Civil and Penal Code, Centennial Edition, and articles 740 and 742 of Vernon's Texas Statutes, 1939 Cumulative Supplement, Civil and Penal Code, the appellee was prohibited by the penal laws of this State from collecting fees as a chiropractor and for so doing was subject to prosecution for violation of our criminal law. The charge for services of appellee was therefore unlawful and the note for the services was illegal and unenforceable.

In 10 Tex.Jur. 248, para. 142, the law is stated in the following language:

"Where the original contract is illegal, any subsequent contract which carries it into effect is also illegal. A mere change in the security or in the form or evidence of a demand will not remove the taint. If the subject matter of the contract can be traced back between privies to an original illegal contract, the substituted security is void; and this is true even though the parties liable on the last security were not privy to the illegal bargain.

"A contract guaranteeing performance of an illegal contract, or a lien securing its performance, is also invalid, and notes or checks given pursuant to such a contract, or a note given in renewal of, or in substitution for, a previous note which was founded on an illegal consideration, or a subsequent promise to pay the debt evidenced by such a note, cannot be enforced."

■ A note given pursuant to a contract illegal will not be enforced as between the parties. 10 Tex.Jur. 294, para. 143.

The judgment is reversed and the cause remanded.