## FIRE ASS'N OF PHILADELPHIA v. COOMER et al.

### No. 2380.

Court of Civil Appeals of Texas. Waco.

Jan. 8, 1942.

Rehearing Denied Jan. 29, 1942.

Thompson, Knight, Harris, Wright & Weisberg and Rhodes S. Baker, Jr., all of Dallas, for appellant.

Frank Tirey and Gene Maddin, both of Waco, for appellees.

HALE, Justice.

Mrs. Zolma Coomer and husband sued Fire Association of Philadelphia on a standard form policy insuring against loss by fire, covering a certain building to the extent of $500 and the furniture and equipment therein contained to the extent of $300 for a period of one year from April

19, 1937. Defendant answered with a general denial and alleged the fire was caused or procured by plaintiff. The jury found, in substance, that the insured building, furniture and equipment were totally destroyed by fire on October 14, 1937; that the actual cash value of the personal property so destroyed was at that time the sum of $300, which was also the amount it would have reasonably cost to replace the same with material of like kind, quality and condition; that Mrs. Coomer was the owner of the building and personal property, that she had negatived all exceptions contained in the policy, that she had not caused or procured the fire in question, and that none of the loss was caused directly or indirectly by any neglect of the insured to use all reasonable means to save and preserve said property. The court rendered judgment in favor of plaintiffs for the sum of $800, and defendant has appealed.

Appellant contends that the trial court should have instructed a verdict for it because Mrs. Coomer had been convicted in a prior criminal proceeding of arson in connection with the fire which caused her loss. It also asserts that the finding of the jury to the effect that she had not caused or procured the fire is against the overwhelming preponderance of the evidence. The policy sued upon contains the usual provision that it shall be void in case of any fraud by the insured touching any matter relating to the insurance or the subject thereof. Therefore, under the terms of the contract, as well as upon grounds of sound public policy, if Mrs. Coomer wilfully burned or procured the burning of the insured property, she undoubtedly forfeited any right of recovery for the loss thereby sustained.

Tolbert Shirley, a witness on behalf of appellant, testified on direct examination that he was hired to burn the insured property and that he and one Kemp did burn the same under the direction of Mrs. Coomer. Kemp did not testify. It was shown that Shirley and Kemp had in their possession after the fire certain articles which they had taken from the burned premises. It was further shown that neither of them had ever been tried for their participation in the affair. Appellees contended that Shirley and Kemp burglarized the premises and set fire to the same in order to cover up the burglary. Shirley admitted on cross-examination in the present trial that when he testified in the criminal proceeding against Mrs. Coomer, he was then trying to escape the penitentiary; that the indictment previously pending against him had been dismissed since the prior trial; that Mrs. Coomer had not paid or agreed to pay him anything for his services in burning her property. His testimony as a whole was such as to warrant the jury in discrediting him if they saw fit to do so.

Mrs. Coomer testified unequivocably that she did not burn the building and had nothing to do with it. She admitted over the objection of her counsel that she was convicted of arson on her plea of not guilty. She testified that she did not know Tolbert Shirley and never saw him until he appeared on the trial of the criminal case. She also admitted she was in the building after midnight on the morning of the fire, which appears to have occurred at about 3 o'clock A. M. Appellant introduced in evidence over timely objections a properly certified copy of the judgment of one of the District Courts of McLennan county showing that on the 9th day of March, 1938, Mrs. Coomer was found guilty of the offense of arson and was assessed punishment therefor by confinement in the penitentiary for a term not exceeding three years, with the sentence suspended during good behavior. According to Mrs. Coomer's testimony, she wanted to appeal from the judgment of conviction but did not because she was advised by her attorney that she could not do so since her sentence was suspended. The jury would have been warranted in discrediting all or any part of her favorable testimony, had they seen fit to do so.

Mrs. W. M. Bohanon testified, on behalf of appellees, that she and her husband were desirous of buying a place of business similar to that being conducted by Mr. and Mrs. Coomer and at some time between the 10th and 14th of October, 1937, they became acquainted with the Coomers and offered to pay to them at that time the sum of $1,000 in cash for the insured property, which they refused. Mr. and Mrs. J. V. Brown, Jr., also testified that some two or three months before the time of the fire Mr. Brown had offered to pay $1,250 to the Coomers for their business, which offer was likewise declined.

■ We think the evidence adduced was sufficient to warrant the finding that Mrs. Coomer did not cause or procure the

fire in question. The jurors were the judges of the credibility of the witnesses and the weight to be given to their testimony and this court can not say from the entire record that their finding in this respect was so against the overwhelming weight and preponderance of the testimony as to be clearly wrong. Burrage v. Red Arrow Taxi Co., Tex.Civ.App., 123 S.W.2d 731, and cases there cited.

█ If Mrs. Coomer did not in fact cause or procure the fire, then in our opinion appellant is liable to her on its contract for the value of the loss thereby sustained. While the judgment in the prior criminal proceeding was admissible to impeach the credibility of Mrs. Coomer as a witness under the holding in Kennedy v. International-Great Northern R. R. Co., Tex.Com.App., 1 S.W.2d 581, we do not think such judgment was conclusive in the instant case on the defensive issue here raised. Appellant did not plead such judgment by way of estoppel or otherwise, its sole affirmative allegation being that "the loss complained of herein was caused or procured to be caused by the plaintiff." It is generally held that an estoppel, or the facts constituting the same, must be pleaded in order to be available as a defense. Texas Produce Co. v. Turner, Tex.Sup., 27 S.W. 583; Crews v. Gulf Grocery Co., 107 Tex. 604, 182 S.W. 1096; W. C. Bowman Lumber Co. v. Pierson, 110 Tex. 543, 221 S.W. 930, 11 A.L.R. 547; Johnston v. Stephens, 121 Tex. 374, 49 S. W.2d 431. Furthermore, appellant was in nowise a party to the criminal action and therefore its rights in this cause could not have been prejudiced by the result of that proceeding. We see no valid reason why Mrs. Coomer should be here deprived of her mutual right to have a jury pass upon the defensive fact issue upon which appellant affirmatively seeks to avoid its contractual liability.

█ Appellant complains of that part of the judgment which allows a recovery of $300 for loss of personal property because it says appellees failed to introduce competent evidence concerning the value thereof and because the court failed to define properly the term "actual cash value." The policy sued upon provides, as to personal property, that: "This company shall not be liable beyond the actual cash value of the property at the time of the loss, with proper deductions for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality." The court instructed the jury that the term actual cash value means "the real worth in money of the property to the owner for the purposes for which such property was being used at the time and place inquired about." Appellant objected to the court's definition on the grounds that it did not take into consideration any deterioration of the property through use and did not include a limitation to that amount which it would have cost the owner to replace the lost items with other items of the same kind and quality.

█ Mrs. Coomer was the only witness on the issues of value. She testified to the separate original cost of practically every item of personal property destroyed, the approximate age, condition and replacement cost thereof at the time of destruction and the amount of money each was worth to her for the purposes used. According to her testimony such total aggregate cost and worth was the sum of $338.22. We think her evidence was competent to sustain the several findings of the jury on the value issues and that the manner of the submission of such issues as a whole was not subject to the criticism urged. Niagara Fire Ins. Co. v. Pool, Tex.Civ.App., 31 S.W.2d 850, error dismissed; Monarch Fire Ins. Co. v. Redmon, Tex.Civ.App., 109 S.W.2d 177; American General Ins. Co. v. Bell, Tex.Civ. App., 116 S.W.2d 877.

We have examined all of appellant's assignments but in our opinion no reversible error is thereby shown, and consequently they are all overruled and the judgment of the trial court is affirmed.

TIREY, J., took no part in the consideration and disposition of this case.