## WILLIAMS MFG. CO. v. PROCK.
### No. 3525.

United States District Court
N. D. Texas, Dallas Division.
Sept. 19, 1949.

448

Stinson, Read & Boren, Dallas, Texas, for plaintiff.

Max R. Rosenfield and Elihu E. Berwald, Dallas, Texas, for defendant.

ATWELL, Chief Judge.

Plaintiff seeks judgment for $23,479.80, evidenced by a promissory note, which note, the defendant shows by reason of the discoveries, pleadings and decisions, as well as by the petition, and concededly at this argument, was given for gambling devices and is, therefore, without legal consideration.

The machines which the plaintiff sold to the defendant were what may be termed, pin-ball machines, baseball-game machines, or, marble machines. It seems that the player of either of the machines, so sold, placed a coin in the machine and then if the metal ball which was propelled by a plunger in the hand of the player, by its contact with certain springs and apparatus, registered a sufficiently large score, the player was entitled to another game free. Each of the machines returned free plays in the event the player was thus successful.

That these machines were purchased by the defendant for resale to operators who exhibited the same at locations in public places to be played by the public, for the consideration claimed, to wit, a nickel.

The defendant claims that such devices are in violation of art. 619 et seq. of Texas Penal Code, as shown at page 1645 of Vernon's Texas Statutes for 1936, and which constitutes the Texas law today.

That statute is binding upon a federal court sitting in Texas, and a construction of that statute by the highest courts of the state, as well as nisi prius courts of the state, must be looked to by the national court in determining whether such apparatus is, in truth, a gambling device.

In the case of Hightower v. State, 156 S.W.2d 327, Court of Civil Appeals, similar machines were declared to be gambling devices under this statute.

To the same effect is, Broaddus v. State, 141 Tex.Cr.R. 512, 150 S.W.2d 247, and State v. Langford, Tex.Civ.App., 144 S.W.2d 448.

In Chambers v. Bachtel, 55 F.2d 851, the Circuit Court of Appeals for the 5th Circuit, supports the state court's opinions as to such machines being gambling devices, but advises that the federal court should not issue restraint for the enforcement of state statutes with reference to criminal matters, except in extreme cases to protect property rights.

The promissory note sued on, therefore, is not supported by a legal consideration. A "consideration" is something of value in the eye of the law, which moves from one person to another. Such consideration may not be illegal. A consideration is the material cause of the contract evidenced by the note and will not be effectual or binding unless it is legal. The consideration being illegal, the maker has a right to plead, as he has here, and thereby avoid the note.

The motion for a summary judgment in favor of the defendant must be granted.