## WILLIAMS MFG. CO. v. PROCK.

### No. 13025.

United States Court of Appeals,
Fifth Circuit.

July 14, 1950.

John C. Read, Dallas, Tex., Benjamin M. Becker, Chicago, Ill., for appellant.

Elihu E. Berwald, Max R. Rosenfield, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

When sued upon 78 notes, payable weekly, aggregating $23,479.80, the defendant interposed the defense that the consideration of the notes was the purchase of pin ball and baseball game machines which were gambling devices and therefore illegal under the law of Texas. After securing admissions from the plaintiff, and upon these, the pleadings, and the defendant's uncontroverted affidavit, the defendant moved that the trial Court enter summary judgment in his behalf, his motion was granted, and plaintiff-appellant assigns error.

· The undisputed facts, properly established and for consideration upon the hearing of the motion for summary judgment are: The Plaintiff corporation, located in Chicago, Illinois, is a manufacturer of pin ball and baseball marble game machines, and the defendant is a resident of Dallas, Texas, where he does business as General Distributing Company. · The notes were executed and delivered by the defendant as consideration for the purchase of regular marble amusement machines and of All Star Baseball Game Machines, each of which was so constructed as to give free plays in the event the player of the machine successfully attained a certain score, the machines being playable by the insertion of a five cent piece in a slot and the player's operation of a plunger. The games or machines were purchased by the defendant "for the purpose of being resold to operators, said operators to place said machines on locations to be played by the public for a consideration, all of said games being so constructed as to give free play; that the plaintiff, Williams Manufacturing Company, knew the purpose for which said machines were purchased and knew that they would be put at a location to be played by the public." The trial Court in sustaining the motion for summary judgment considered the Texas statute law and decisions, and held them binding upon the federal court in the present suit and adjudged that the notes were without legal consideration and payment thereof would not be enforced by the Court.[1] Appellant vigorously contends that the Texas law contains no inhibition against the sale of such machines; that they are not gambling devices *per se*, and in any event could become such only after exhibition for play, and that with this the appellant-seller was not concerned, and that therefore the defendant cannot assert illegality of consideration. The defendant-appellee, relying upon the authorities which the trial Court deemed controlling, and additionally upon the provisions of Article 634 of Vernon's Penal Code of Texas, replies that under the Texas law the machines are gambling devices *per se* under the circumstances here, where the sale was made for the purpose of enabling the illegal public exhibition and operation of the games.

We conclude that in view of the undisputed facts appearing in the record the trial Court properly entered summary judgment in favor of the defendant. The controlling fact of the case is the nature of the machines sold. In the present case

1. Williams Mfg. Co. v. Prock, D.C., 86 F.Supp. 447.

this is determined adversely to the appellant by the ruling, well established in Texas, that amusement is "a thing of value" and that consequently where machines such as are now in question are exhibited to the public for play, and are so constructed that a player attaining a certain score may secure a free game, such a machine is a gambling device *per se*.[2] It being thus established in Texas that, since amusement is "a thing of value," and a machine exhibited for playing which awards free plays is a "gambling device," there can be no distinction in law between such a machine and a slot machine which might upon occasion return coins. As to the latter, the rule in Texas has been declared to be that there is no property right in such machines when exhibited in business places. Moore v. Adams, Tex.Civ.App., 91 S.W.2d 447. In his brief here the appellee calls our attention additionally to Article 634 of Vernon's Penal Code of Texas, which declares

"The existence of any gambling house or gaming table or bank or gaming paraphernalia or device of whatever kind or character, and all equipments of such gambling house, is hereby declared to be against public policy and a public nuisance. No suit shall be brought or maintained in any court of this State for the recovery of same or for any insurance thereon, or for damages by reason of any injury to, or for the destruction of same."

The machines in question thus under Texas law being gambling devices, the existence of which is against the public policy of Texas, and for the recovery of which, or damages by reason of injury to them, no suit could be brought in any Court of that State, the consideration of the notes is patently and primarily illegal. In order to establish his defense, it was not necessary for the defendant to show more than he did, that is, that the machines were sold for the purpose of exhibition and play in the State of Texas; that by the law of that State they were, when exhibited, gambling devices, and their "existence" contrary to the public policy, as well as the specific statute law of that State.

The principle relied upon by the appellant that subsequent illegal use of an otherwise valid consideration will not destroy the enforceability of a contract, is not applicable here, for under the undisputed facts of this case the consideration of the notes was illegal from its inception. The present is not a case of an obligation supported by an independent consideration which might be indirectly connected with an illegal transaction so that the plaintiff does not require the aid of the illegal transaction to make out its case. The contract grows immediately out of and is connected with the illegal act of exhibition for public play, and a Court of Justice will not lend its aid to enforce it.

The judgment granting the motion for summary judgment is correct, and therefore is affirmed.

HUTCHESON, Chief Judge, specially concurring.

The rule that denies relief to a party to an illegal contract upon the maxim, In *pari delicto potior est conditio defendentis,* "is adopted, not for the benefit of either party and not to punish either of them, but for the benefit of the public." Lewis v. Davis, 145 Tex. 468, 477, 199 S.W.2d 146, 151.

"There is often involved, in reaching a decision as to granting or withholding relief, the question whether the policy against assisting a wrongdoer outweighs the policy against permitting unjust enrichment of one party at the expense of the other. The solution of the question depends upon the peculiar facts and the equities of the case, and the answer usually given is that which it is thought will better serve public policy. Graham v. Dean, 144 Tex. 61, 188 S.W.2d 372; Scott's The Law of Trusts, Vol. 3, pp. 2196-2197, Sec. 422; Benefits under Illegal Transactions, by John W. Wade, 25 Texas Law Review, pp. 31-62."

---

2. Hightower v. State, Tex.Civ.App., 156 S.W.2d 327, and citations; Hoffman v. State, Tex.Civ.App., 219 S.W.2d 539;

24 Am.Jur. 1949 Cum.Supp., § 35, pp. 28, 29.

"A test, sometimes used in determining whether a demand connected with an illegal transaction can be enforced, is whether the plaintiff requires any aid from the illegal transaction to establish his case. Floyd v. Patterson, 72 Tex. 202, 10 S.W. 526, 13 Am.St.Rep. 787; Pioneer Mutual Compensation Corp. v. Diaz, 142 Tex. 184, 177 S.W.2d 202."

When the thing contracted to be done violates the public policy of the state, as the encouragement of immoralities or other prohibited vices, agreements to pay, Hayes v. G. A. Stowers Furn. Co., Tex.Civ.App., 180 S.W. 149 or promissory notes, Anderson v. Freeman, Tex.Civ.App., 100 S.W. 350, made as parts of the immoral transaction, may not be recovered upon.

It is settled law in Texas that notes given for unlawful services or for the doing of unlawful things, or things contrary to the public policy of the state, will not be enforced as between the parties. 10th Texas Jurisprudence, Secs. 248-9, par. 142 & 143; Park v. Coulson, Tex.Civ.App., 139 S.W.2d 667.

The undisputed facts in this case establish that plaintiff and defendant were both actively engaged in subverting the public policy of Texas and that plaintiff's case can not be enforced except by reliance upon the illegal consideration for the notes. It is quite clear, therefore, that under the settled law of Texas, the district judge was right in denying recovery on the notes.

Bone, Circuit Judge, dissented.