**Gus T. FLENER, Appellant,**

v.

**CITY OF DALLAS et al., Appellees.**

**No. 14842.**

Court of Civil Appeals of Texas.

Dallas.

May 28, 1954.

Rehearing Denied Oct. 1, 1954.

Corenbleth & Jaffe, Dallas, for appellant.

H. P. Kucera, City Atty., Ted Mac-Master and W. M. Parks, Assts. City Atty., Henry Wade, Dist. Atty., and Julien C. Hyer, Asst. Dist. Atty., Dallas, for appellees.

CRAMER, Justice.

Appellant Flener filed this suit against the City of Dallas and certain of its police officers, seeking, under Art. 638, Penal Code, the return of two Atlantic City Machines seized by the city, one of which was owned and operated by Flener at 621 South Akard Street in the City of Dallas and the other owned by Flener, but operated by another at 619 South Akard. The city filed a cross-action seeking destruction of the machines as gambling devices under Arts. 636–639, Penal Code, and the State of Texas intervened, adopting the city's cross-action. Flener answered by special exceptions and by general denial, and specifically that the machines in question were not gambling devices and were not used and had not been used for gambling purposes or in violation of the gambling laws of Texas, and that they should not be destroyed. The case was tried to a jury who in answer to special issues found, (1) that machine No. C–3861 was so constructed that a player attaining a certain score could secure a free game; and (3) the same as to machine E–1219. Issues numbered 2 and 4, submitted to the jury, but not answered by them for the reason that the jury could not agree thereon, were as follows:

"(2) Do you find from a preponderance of the evidence that the marble machine in question, No. C–3861, was so operated that a player attaining a certain score received from the plaintiff or his agent or representative, cash, free games, or other thing of value?" Special issue No. 4 was the same as No. 2 except that it referred to machine E–1219.

On such verdict the trial court on November 17, 1953 entered the judgment here duly appealed from.

The appellant briefs seven points of error. Points 1 and 2 will be considered together. They are in substance, (1) there is no evidence to sustain issues 1 and 3; and (2) issues 2 and 4 being material issues, and the jury having been unable to agree thereon, the court should not have entered judgment based on the verdict, but could only declare a mistrial.

There is evidence in the record that the machines in question were not at the times in question herein so adjusted or operated that they would automatically pay off, and there is no evidence in the record that they were ever, by Flener, or anyone for him, so adjusted as that they would pay off automatically. The most the evidence shows is that the machines were so constructed that by certain mechanical changes and/or electrical connection changes, the machines could be made to pay off automatically.

■ Under such state of the record the machines were not gambling devices per se. Hightower v. State, Tex.Civ.App., 156 S.W.2d 327, 328, error ref. In that case this Court, speaking through Justice Young (Justice Looney dissenting) held, material here as follows:

"As to the other machines (five in number), it is undisputed that none had any automatic 'pay-off' adjustment; and that the only result from playing thereof was the amusement of the player in securing a high score. No testimony whatever discloses an understanding on the part of any store proprietor to pay 'over the counter' for high or particular scores; or that any player was seen or permitted to bet on the machines' operation. Notwithstanding this state of the record, however, the trial court found, among other things, that 'each of these machines is so equipped that by slight mechanical changes the automatic pay-off, whereby the machines automatically pay off certain amounts of money when a designated score is made, can be attached to the machines and so operated automatically; * * *.' "

The machines involved in the Hightower case which were not shown to have been so adjusted as to automatically pay off, were ordered returned to the owners, and were held not to be gambling devices per se; also that " 'A gaming table is not determined by its structure, but by the purpose for which it is exhibited;' " citing Houghton v. Fox, Tex.Civ.App., 93 S.W.2d 781, 782.

■ The evidence here does raise the issues presented by issues 2 and 4 submitted to the jury; but such evidence being disputed and being material on the question as to whether or not the machines were so operated by the proprietor of the places where they were located, and appellant's witnesses testifying there was no pay-off, and appellees' witnesses testifying there was such pay-off to them, the court could not, where the jury disagreed, find such fact independently and use his own finding as a basis for judgment.

The jury having failed to agree on answers to issues 2 and 4, there is no basis in the verdict for the judgment entered, and the trial court should have either returned the jury to their room for further deliberations or declared a mistrial. The court having discharged the jury with issues 2 and 4 unanswered, he could not enter a judgment for either party.

We therefore sustain points 1 and 2; and since the sustaining of the said two points makes it unnecessary for us to consider the remaining five points, and since errors therein pointed out may not occur on another trial, we pretermit a discussion thereof.

For the reasons stated the judgment below is reversed and the cause is remanded for a new trial.

Reversed and remanded.

### On Rehearing

YOUNG, Justice.

■ Appellees re-argue at length the sufficiency of their motion for summary judgment, Rule 166–A, Texas Rules of Civil Procedure, overruled by the trial court; an aspect of the litigation not discussed in original opinion. Attached thereto were affidavits and certified copies of court records to effect that, prior to the instant controversy, appellant, in cause No. 2143, Criminal District Court of Dallas County, had been tried and convicted of keeping and exhibiting a gambling device (two-year sentence, probated), involving one of the same marble machines described in these jury issues. It is contended that by such criminal proceedings the status of both machines has been finally adjudicated as gambling devices per se; and that under Art. 634, P.C., the owner is precluded from maintaining any action for their recovery. The mentioned judgment of conviction, though admitted by appellant, was not conclusive of the issues presented by Art. 619, P.C. (whether the machines in question were exhibited or used for the purpose of gaming), in this, a civil suit. 26 T.J., p. 64; Landa v. Obert, 78 Tex. 33, 14 S.W. 297; Pittman v. Stephens, Tex.Civ.App., 153 S.W.2d 314; Fire Ass'n of Philadelphia v. Coomer, Tex. Civ.App., 158 S.W.2d 355.

Further, in view of the affirmative answers to issues 1 and 3, appellees urge that we give conclusive effect to Williams Mfg. Co. v. Prock, 5 Cir., 184 F.2d 307, where, under evidence adduced, it was held that amusement devices *so constructed* as that free games resulted from the attaining of certain scores, constituted gambling devices per se. The fact situation of the cited case is clearly distinguishable. There the machines were constructed so as to *automatically* pay off in free games, while here, as pointed out by Associate Justice Cramer, "The most the evidence shows is that the machines were so constructed that by certain mechanical changes and/or electrical connection changes, the machines could be made to pay off automatically."

The motion for rehearing is accordingly overruled.