The STATE of Texas, Appellant,

v.

ONE SLOT MACHINE, Appellee.

No. 13253.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 18, 1957.

Will Wilson, Atty. Gen., Cecil C. Rotsch, Edwin P. Horner, Asst. Attys. Gen., amici curiæ.

I. M. Singer, City Atty., C. J. Taylor, Jr., Asst. City Atty., Corpus Christi, for appellant.

Anderson & Porter, Corpus Christi, for appellee.

BARROW, Justice.

This is an action in rem brought in the name of the State of Texas against one marble table to obtain an order for the destruction of the machine on the ground that it is a slot machine and a gambling device under the provisions of Article 642a, Penal Code of Texas. The owner of the machine was duly cited and appeared, and was represented by counsel in the trial of the case. The machine at the time of its seizure was located in the Original Mexican and Italian Foods Cafe in the City of Corpus Christi, Texas. The trial court upon a hearing without a jury denied the State's application for an order to destroy the marble table in question.

The evidence shows that the machine in question, described as One United Manhattan Marble Table of the Bingo Type, is designed and manufactured to operate by means of the insertion of a coin, so that when operated it may deliver, as a result of an application of the element of chance, free games. The evidence, however, further showed that at the time the machine was seized by the officers it would not award free games, for the reason that the owner's mechanic, before he placed the machine in the cafe, had disconnected certain parts of the machine so that it would not give free games. He testified that if one wire be reconnected and two relays closed it would award free games. There is no evidence of any betting on the play of this machine.

The question involved is whether a marble table which is designed and manufactured to operate by means of the insertion of a coin, and designed and manufactured so that when operated it may deliver free games, as a result of an appli-

cation of an element of chance, is a slot machine under the terms and provisions of Article 642a of the Penal Code of Texas, even though the condition of the machine at the time of its seizure was such that free games could not be played on it.

Article 642a of the Penal Code, under which this proceeding was brought, reads in part as follows:

"Section 1. The term 'slot machine,' as used in this Act, means:

"(a) Any so-called 'slot machine' or any other machine or mechanical device, by whatsoever name known, an essential part of which is a drum or real with insignia thereon, and

"(1) which when operated may deliver, as the result of the application of an element of chance, any money, or property or other valuable thing, or

"(2) by the operation of which a person may be entitled to receive, as the result of the application of an element of chance, any money or property or other valuable thing; or

"(b) Any machine or mechanical device designed and manufactured or adapted to operate by means of the insertion of a coin, token, or other object and designed, manufactured or adapted so that when operated it may deliver, as the result of an application of an element of chance, any money or property; or

"(c) Any subassembly or essential part intended to be used in connection with such machine or mechanical device."

Section 6 of Article 642a provides that if it be determined upon a hearing that the property seized is a slot machine it shall be ordered destroyed.

Prior to the enactment of Article 642a these proceedings were governed exclusively by the provisions of Articles 619, 636, 637 and 638 of the Texas Penal Code.

Under the statutes, in order to authorize the destruction of a machine such as the one involved here, as a gaming device, it is necessary to show that at the time of seizure the machine was so designed and was in such condition that it would deliver, as a result of the application of an element of chance, money, merchandise or free games, or that the machine was actually being used for the purpose of gaming. Hightower v. State, Tex.Civ.App., 156 S.W.2d 327; Neill v. State, 158 Tex. Cr.R. 551, 258 S.W.2d 328; Williams v. State, Tex.Civ.App., 283 S.W.2d 444, writ ref.; Flener v. City of Dallas, Tex.Civ. App., 272 S.W.2d 643, writ ref.; State ex rel. Hightower v. Larimore, Tex., 295 S. W.2d 654.

Article 642a of the Penal Code was enacted in 1951, and was so framed as to make the manner of a machine's design, manufacture or adaptation, and not its condition or manner of use at the time of seizure, control its status under the law.

This statute, Article 642a, has not been construed by any of the Courts of this State, however, it contains almost the identical language found in Section 1171, Title 15, U.S.C.A., forbidding transportation in interstate commerce of gambling devices. The Federal Courts, in construing this statute, and particularly subsection (a) (2) thereof, condemning "any machine or mechanical device designed and manufactured to operate by means of insertion of a coin, token, or similar object and designed and manufactured so that when operated it may deliver, as the result of the application of an element of chance, any money or property," have uniformly held that the design and manufacture of the machine is controlling rather than the actual use or condition of the machine at the time of seizure. See United States v. 24 Digger Merchandising Machines, 8 Cir., 202 F.2d 647, certiorari denied 345 U.S. 998, 73 S.Ct. 1140, 97 L.Ed. 1404, rehearing denied 346 U.S. 842, 74 S. Ct. 16, 98 L.Ed. 362; United States v. 19 Automatic Pay-Off Pin-Ball Machines, D.

C., 113 F.Supp. 230; United States v. Ansani, D.C., 138 F.Supp. 451, 454. In each of these cases the machines in question had been altered in such manner that the coin operation or the automatic pay-off mechanism had been removed.

■ The machine in this case, being shown beyond question to have been designed and manufactured to operate by means of the insertion of a coin, and designed and manufactured so that when operated it may deliver, as the result of an application of an element of chance, free games, falls squarely within the provisions of Article 642a of the Texas Penal Code, regardless of its condition at the time of seizure.

■ It is argued that because subsection (a) (1) and (a) (2) of Section 1 of Article 642a both contain the language "any money or property or other valuable thing," whereas subsection (b) thereof omits the language "or other valuable thing," that the delivery of free games is not contemplated as either money or property, and that a machine which otherwise comes within the terms of subsection (b) of the statute but only awards free games to be played, is not covered by the subsection. It is further argued that the replay of free games which may be won is for amusement only, and while it may be a thing of value, could not be property. This argument cannot be sustained.

It is now well settled, in both State and Federal decisions, that within the meaning of the gaming laws the award of free games to be played is both property and a thing of value, that property and thing of value, within the meaning of gaming laws, are synonymous terms. Mills v. Browning, Tex.Civ.App., 59 S.W.2d 219; State v. Langford, Tex.Civ.App., 144 S.W.2d 448, citing Rankin v. Mills Novelty Co., 182 Ark. 561, 32 S.W.2d 161, 162, and Howell v. State, 184 Ark. 109, 40 S.W.2d 782, in which cases a similar statute was construed. See also Chambers v. Bachtel, 5 Cir., 55 F.2d 851, 852.

We believe that the machine here involved is a slot machine within the provisions of Article 642a of the Penal Code of Texas, and that the trial court erred in not so holding.

The judgment of the trial court is reversed and judgment here rendered that said machine, being a marble table with Serial No. 2384, known as United Manhattan Marble Table of the Bingo Type, be destroyed according to the provisions of Article 642a, Section 6, Penal Code of Texas.

Reversed and rendered.