

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 14, 1971

Honorable Robert R. Barton
District Attorney
Second 38th Judicial District
Kerrville, Texas    78028

Opinion No. M-773

Re:  Whether a vending
     machine, converted
     from a slot machine,
     which returns an
     identical souvenir
     coin with each play
     without application
     of an element of
     chance, violates the
     provisions of Article
     642a, Vernon's Penal
     Code.

Dear Mr. Barton:

In your recent letter you requested our opinion as to whether a slot machine from which the chance or gaming feature has been eliminated and which has been "converted" into a souvenir vending machine so as to resemble a slot machine violates the provisions of Article 642a, Vernon's Penal Code.

You state that the machine in question is described, in part, by the United States Patent Office as an invention comprehending the adaptation or modification of a gaming device, often being referred to as a slot machine, with which the player receives a chance of winning a return of several minted or specie coins upon inserting the required coin into the slot and the pulling of a lever which activates coaxial rotary wheels adapted to exhibit a pay-off combination of indicia appearing on the wheels.  That the adaptation or modification of the slot machine comprehended by the Patent on the machine in question is the elimination of the gambling or game of chance feature of the conventional slot machine, so that the player receives the same return with each play, i.e., the machine returns an identical souvenir-type coin every time a coin is inserted therein and the rotary wheels activated by the pulling of the lever.  It is further described as being a coin vending machine similar in appearance and operation to a so-called slot machine and designed to permit its efficient and simple adaptation and construction from a conventional slot machine.

-3765-

Article 642a, Vernon's Penal Code, provides in relevant part as follows:

> "Section 1. The term 'slot machine,' as used in this act, means:
>
> (a) Any so-called 'slot machine' or any other machine or mechanical device, by whatsoever name known, an essential part of which is a drum or reel with insignia thereon, and
>
> (1) which when operated may deliver, as the result of the application of an element of chance, any money, or property or other valuable things, or
>
> (2) by the operation of which a person may be entitled to receive, as the result of the application of an element of chance, any money or property or other valuable thing; or
>
> (b) Any machine or mechanical device designed and manufactured or adapted to operate by means of the insertion of a coin, token, or other object and designed, manufactured or adapted so that when operated it may deliver, as the result of an application of an element of chance, any money, or property; or
>
> (c) Any subassembly or essential part intended to be used in connection with such machine or mechanical device."
>
> "Section 2. Whoever shall manufacture, own, store, keep, sell, rent, lease, let on shares, lend or give away, transport or possess a slot machine, as defined in Section 1, shall be guilty of a felony and upon conviction thereof shall be confined in the State penitentiary not less than two (2) years nor more than four (4) years."

Section 1 of Article 642a quoted above contains three definitions of a "slot machine" as proscribed by the Act.

Subsection (a) defines a machine with drums or reels with insignia thereon which may deliver "as the result of the application of an element of chance", money or other things of value, and a machine which may entitle (as opposed to deliver to) the operating player to money or a thing of value "as a result of the application of an element of chance." It seems clear that since the element of chance has been eliminated deliberately in the machine under consideration that the machine now does not come within the terms of subsection (a).

Subsection (b) proscribes a machine or mechanical device operated by a coin and "designed, manufactured or adapted so that when operated it may deliver, as the result of an application of an element of chance, any money or property". (Emphasis added.)

Subsection (c) extends the proscription of the statute to any subassembly or essential part intended to be used in connection with any machine or mechanical device proscribed by said Subsection (b).

We believe that the case of State v. One Slot Machine, 305 S. W. 2d 386 (Tex. Civ. App. 1957, no writ), which you cite in your brief accompanying your opinion request, is directly in point on the question presented. Therein, the Court held that a marble table was within the prohibition of Article 642a even though the mechanism delivering free games through an element of chance was disconnected so that free games could not be given. The Court reasoned the marble table was designed and manufactured so as to give free games by operation of chance. Several federal cases were cited in the opinion in support of the Court's holding, among them being United States v. 19 Automatic Pay-Off Pin-Ball Machines, D.C., 113 F. Supp. 230, holding the design and manufacture of the machine to be controlling rather than the actual use or condition of the machine at the time of the seizure.

In the device you describe and under the facts you present, which we must assume are true, it seems apparent that the machine was also originally designed and manufactured or adapted to operate by means of the insertion of a coin, token or other object and designed, manufactured or adapted so that when operated it may deliver, as the result of an application of an element of chance, money or property.

Furthermore, it seems apparent that the vending machine in question is constituted in the main by an essential part of the original slot machine prescribed by said Article 642, Vernon's Penal Code, and thus comes within the purview of Subsections (b) and (c) of the Article.

Article 642a contains almost the identical language found in Section 1171, Title 15, U.S.C.A., forbidding transportation in interstate commerce of gambling devices. The federal courts, in construing the statute, have uniformly held that the design and manufacture of the machine is controlling rather than the actual use or condition of the machine at the time of the seizure. U. S. v. 24 Digger Merchandising Machines, 202 F. 2d 647 (8th Cir. 1953, cert. den. 345 U.S. 998); U. S. v. 19 Automatic Pay-Off Pin-Ball Machines, 113 F. Sup. 230 (W.D. La. 1953); U. S. v. Ansani, 138 F. Supp. 451, 454 (at p. 458) (N.D. Ill. 1955, aff. 240 F. 2d 216, 221; cert. den.353 U.S. 936; reh. den. 353 U.S. 978).

It seems that the gravamen of the offense which Article 642a was designed to eliminate is the use of any machine, in whole or in part, that originally came into being with the functions of a slot machine as defined by statute, regardless of how such machine may thereafter be altered. Therefore, it is to be understood that we are not passing upon the legality of any such vending machine with the functions of the one in question but which was fabricated wholly from new material which had never been a part of any machine designed and manufactured or adapted to operate by means of the insertion of a coin, token or other object, and which was designed, manufactured or adapted so that when operated it may deliver as a result of an application of an element of chance, money or property.

We are in agreement with your conclusion that the machine, having been originally designed and manufactured to operate by means of the insertion of a coin to the end that when operated it may deliver as the result of the application of an element of chance, money, or property, is a slot machine within the intent and meaning of Article 642a, irrespective of its current condition or use. After the removal of the gambling device from the machine, the remaining portion thereof would constitute a "subassembly or essential part" of a slot machine as defined and proscribed in Section 1 (c) of Article 642a.

## S U M M A R Y

A vending machine of souvenir type coins, <u>converted</u> from a slot machine from which the chance or gaming mechanism has been removed and constructed so as to resemble a slot machine, operated by the insertion of a specie coin and by the pulling of a lever, comes with the proscription of Article 642a, Vernon's Penal Code, since it was originally designed and manufactured to deliver, when operated, a thing of value through an element of chance, money, or property.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Mel Corley
Steve Hollahan
James Quick
Wardlow Lane

Meade F. Griffin
Staff Legal Assistant

Alfred Walker
Executive Assistant

Nola White
First Assistant