

# The Attorney General of Texas

April 14, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John B. Holmes, Jr.
Harris County District Attorney
201 Fannin, Suite 200
Houston, Texas 77002

Opinion No.   MW-168

Re:   Whether a slot machine-like device is prohibited by chapter 47 of the Penal Code.

Dear Mr. Holmes:

You request our opinion as to whether a slot machine-like device is prohibited by chapter 47 of the Penal Code.

The device in question, referred to by its manufacturer as a "one-armed banker," is a plastic bank with a battery-operated mechanism. It consists of a coin slot, three circular reels with various objects depicted thereon, and a lever or handle which, when depressed, causes combinations of the objects to appear through a display window. When certain combinations of objects appear in the display window, the device pays out a varying number of coins to the operator.

Section 47.06(a) of the Penal Code provides that:

> [a] person commits an offense if he knowingly owns, manufactures, transfers, or possesses any gambling device that he knows is designed for gambling purposes or any equipment that he knows is designed as a subassembly or essential part of a gambling device.

"Gambling device" is defined in section 47.01(3) of the Penal Code as:

> any mechanical contrivance that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance.

Thus, two essential elements of the offense created by section 47.06(a) are (1) that operation of the device be contingent upon payment of a

p. 535

"consideration"; and (2) that the award of a thing of value by the device be "determined by chance, even though accompanied by some skill."

Although the one-armed banker accepts either United States five or ten-cent coins, it will also accept foreign currency, as well as slugs, of a similar size. It is not necessary, however, to insert any coin or other object into the coin slot in order to pull the handle, which in turn causes the reels to rotate. If there are coins in the machine, the operator may obtain them merely by pulling the handle. If a winning combination of objects appears through the display window, the operator receives a payoff without having deposited anything in the device. The element of consideration is thus lacking.

In addition, the "one-armed banker" may be operated completely free of any element of chance. There is no covering over the display window, nor is any such item offered for sale by the manufacturer. After the operator actuates the reels by pulling the handle, he may stop them merely by inserting his finger or other object through the open display window. Thus, any combination of objects may be obtained manually. Since the reels are not locked into place for payoff purposes until the handle is raised, the operator may insure his success on every occasion that he operates the device. In such cases, no element of chance is present.

The situation you pose differs from that in State v. One Slot Machine, 305 S.W.2d 386 (Tex. Civ. App. — San Antonio 1957, no writ), because the relevant statute has been amended. Under article 642a of the former Penal Code, it was necessary to show only that a device had been

> Section 1b. designed and manufactured or adapted to operate by means of the insertion of a coin, token, or other object and designed, manufactured or adapted so that when operated it may deliver, as a result of an application of an element of chance, any money or property. . . .

Not only was the machine in question not "designed and manufactured or adapted" to operate as a gambling device, but the offense described in section 47.06 of the Penal Code requires proof that it is a "gambling device" as defined in section 47.01 of the Penal Code. That definition speaks only to the actual use of the machine, without regard to its design or manufacture.

Since two essential elements of the offense described in section 47.06(a) of the Penal Code — consideration and chance — are not requisite for the operation and payoff of the device called a "one-armed banker," it is our opinion that in its present form it is not a gambling device prohibited by the Penal Code.

S U M M A R Y

A plastic bank known as a "one-armed banker" is not a gambling device, the possession of which is prohibited by the Penal Code,

because neither the element of chance nor that of consideration must be present for either the operation or payoff of the device.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Gerald Carruth
Susan Garrison
Rick Gilpin
Bruce Youngblood