### GEORGE TAYLOR v. THE STATE.

#### No. 2635. Decided January 28, 1903.

#### Motion for Rehearing Decided March 4, 1903.

**1.—Juror—Disqualification—Formed Opinion.**

Where a juror was challenged by defendant upon the ground that he stated that he had formed an opinion as to the guilt or innocence of defendant which would require evidence to remove, whereupon he peremptorily challenged him and the challenge was overruled upon his statement that, notwithstanding his opinion, he could try the case fairly upon the evidence, etc.; Held, inasmuch as he was not thoroughly examined as to the grounds

upon which his opinion was based, and inasmuch as defendant did not exhaust his peremptory challenges, nor show that he was compelled to take an unfair or partial juror, no reversible error is shown.

**2.—Murder—Evidence of Threats by Defendant.**

On a trial for murder, where it appeared that defendant was jealous of deceased's intimacy with his paramour, his declarations made four days before the killing that. "I am going to do some devilment and get my name in the papers," was admissible as evidence against him although the name of the deceased was not mentioned, the threat being of such a malignant character as to embrace deceased, and the circumstances of the killing being such as would indicate that deceased must have been referred to by him. (See infra, paragraph 4.)

**3.—Same—Indictment—Allegation as to Weapon—Variance.**

Where an indictment for murder alleged that it was committed with a gun, proof can be made that it was done with a pistol or any firearm, and there is no variance.

## ON REHEARING.

**4.—Same—Threats by Defendant.**

On a trial for murder, where it was proved that defendant said, "Abe [the deceased] thinks he can run it over me, but I am going to kill him and leave town," there can be no question that his remark, made the same night to another witness, to the effect that he was going to do some devilment and get his name in the papers, had reference to deceased, and was lgally admitted in evidence as a threat against deceased.

Appeal from the Criminal District Court of Dallas.  Tried below before Hon. Chas. F. Clint.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The indictment charged appellant with the murder of Abe White, on the 1st day of September, 1902, by shooting him with a gun.

The essential facts of the case are sufficiently shown by the opinion.

*O. F. Wencker, J. J. Fagan,* and *A. S. Baskett,* for appellant, filed a brief on the motion for rehearing in which they contended mainly that the evidence of threats by appellant was not admissible.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life; hence this appeal.

On the impanelment of the jury, appellant excepted to the action of the court in overruling his objection to G. H. Eagan, who had been summoned on the special venire. This juror answered that he had heard of the case, and from what he had heard he had formed an opinion as to the guilt or innocence of the defendant; that it would require evidence to remove this opinion, but that he could go into the jury box and try the case fairly according to the evidence and charge of the court. This juror was challenged by appellant on the ground that he had formed an opinion as to the guilt or innocence of appellant, such as would require evidence to remove it. The court overruled the challenge for cause, whereupon appellant peremptorily challenged the juror,

and he was set aside. In the first place, the examination does not appear to have been sufficiently extended to show that there was established in the juror's mind such an opinion as would disqualify him, nor that the juror had read the evidence in the case. In the second place, appellant's challenges were not exhausted, nor was it shown that he was compelled to take an unfair or partial juror. Nalley v. State, 28 Texas Crim. App., 387; Blackwell v. State, 29 Texas Crim. App., 194; White v. State, 30 Texas Crim. App., 652.

By bills of exception numbers 2, 7 and 6, appellant questions the action of the court in admitting the testimony of witnesses Mary Taylor and Della Anderson, to the effect that, when George Taylor came to the witness Della Anderson's house on the night of Thursday before the killing of Ed White on Monday night, he called Mary Taylor out on the gallery, and said, "I am going to do some devilment, and get my name in the papers." The objection to this testimony was that the declaration or threat of appellant was too general, and did not show it was directed toward, or had any reference to, deceased, Abe White, and did not import any personal violence toward deceased or anyone, and that the State did not connect the statement with deceased or show that defendant meant thereby that he intended to do any personal violence to deceased. It has been held in a number of cases that where the threats made by defendant are not directed toward deceased by name, or are otherwise shown to be so directed against him, such threats are not admissible. Godwin v. State, 38 Texas Crim. Rep., 466; Holley v. State, 39 Texas Crim. Rep., 301; Strange v. State, 38 Texas Crim. Rep., 280. Although the name of deceased be not mentioned, yet, if it can be reasonably gathered that deceased was meant or alluded to, the evidence of such threat will be admissible. Moreover, if the threats, though general, were of such malignant character as to embrace deceased, and the circumstances of the killing were such as would indicate that deceased must have been referred to, the testimony will be admissible. See Sparks v. Commonwealth, 89 Ky., 644, 20 S. W. Rep., 167; State v. King (Mont.), 24 Pac. Rep., 265; Brooks v. Commonwealth (Ky.), 37 S. W. Rep., 1043. In this case the threat showed a malignant disposition, and suggested that appellant was bent on mischief. Moreover, it is shown that appellant was solicitous in regard to the attentions of deceased to Mary Taylor, his kept woman, and evidently the killing occurred because of this. Judged by this record, appellant assassinated deceased because of his intimacy with Mary Taylor. The killing occurred in her room, and the party who did it was familiar with the surroundings, and must have known deceased would be there that night, and shot him from the outside, through a window. In addition to this, on that same night appellant requested Mellin Taylor, another witness, to raise the window curtain at the house where the homicide occurred, in order that he might kill deceased, Abe White. In the explanation of the judge to one of the bills, we are referred to the evidence contained in the record; and we are authorized to look to it in order to ascertain the

competency of this evidence. Besides, the bill itself does not assume to disclose all the circumstances under which this evidence was admitted. We hold that the evidence objected to was admissible, because it was of that malignant character which embraced deceased, and so was directed towards him. We further hold that the record shows the threat was aimed at deceased, and no one else.

Appellant objected to testimony offered by the State showing that tracks were found near the window of the house through which deceased was shot and killed, leading from there across a bridge to a tub; that by the tub was the imprint of the left hand of a man, spread out, and also the imprint of the fist of the right hand of a man, and immediately in front of it a small hole in the ground about one-half or three-fourths of an inch in diameter; and that subsequently there was found at defendant's room a 38-caliber pistol, with black, sandy dirt in the muzzle, which was identified as appellant's pistol; and that the soil by the tub was of a black, sandy character. This testimony was objected to on the ground that the indictment charged the homicide to have been committed with a gun, and this proof tended to show that it was done with a pistol; that a gun and pistol are not the same thing, and there was a variance. It is the received doctrine that in homicide cases, where the indictment alleges the killing was done with a gun, proof can be made under such allegation that the killing was done with any firearm. Although a gun is alleged a pistol may be proved, and vice versa. Brown v. State, 43 Texas Crim. Rep., 293, and authorities there cited. So there was no variance. This also disposes of the evidence introduced by the State showing that at Dallas a pistol was called a "gun." The evidence was not required, but it was immaterial.

The charge requested by appellant, defining "express malice," was not necessary to be given, as the court fully covered the definition of "express malice" in the charge given. The charge on alibi, as given by the court, was all that was required and the special charge on this subject was not called for.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

HENDERSON, Judge.—This case was affirmed at a former day of this term, and now comes before us on motion for rehearing. Appellant strenuously insists that in the original opinion the court erred in holding that the remark of appellant made to Mary Taylor, at her house, on Thursday night preceding the homicide on Monday night, to the effect, "I am going to do some devilment and get my name in the paper," was admissible, his contention being that the remark was of a general character, was not a threat against deceased, and did not embrace him. This remark was testified to both by Mary Taylor and Della Anderson. We discussed this question at length in the original

opinion, as if the bill of exceptions were full, and showed that the remark in question was isolated, and not connected with any other remark so as to have a bearing on, and point to, deceased. The grounds of objection urged in the bill are not equivalent to a certificate that the fact existed, but merely a certificate of the judge that those grounds of objection were urged. The bill of exceptions should have been so full as to have shown all the testimony bearing on the question, or the judge should have certified that the evidence in question was not otherwise connected with, or pointed to, deceased. However, the judge in certifying the bills—especially the sixth—refers to the statement of facts. While in the original opinion we refer to the statements in response to the judge's certificate, we do not recite all the facts that tended to show deceased, and no other person, was meant by the remark of appellant made on Thursday night. In addition to what was said in the original opinion, we refer to the testimony of Sarah Taylor, who states that on that same Thursday night, George Taylor said, "Abe thinks he can run it over me, but I am going to kill him and leave town." Now, taking this remark in connection with what was said in the original opinion, there can be no question that appellant, when he made the remark to the effect that he was going to do some devilment, and get his name in the papers, had reference to deceased.

The other ground urged by appellant in his motion for new trial is to the effect that the court failed to give his special requested instruction on the burden of proof. There was no occasion to give a charge on the burden of proof. The court gave a full charge on circumstantial evidence, and a charge on presumption of innocence and reasonable doubt. We think this was sufficient.

The motion for rehearing is overruled.

*Motion overruled.*