ELBERT LEWIS V. THE STATE.

No. 20134. Delivered January 25, 1939.

The opinion states the case.

*K. W. Denman, E. J. Conn,* and *J. J. Collins,* all of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for keeping a gambling house; penalty assessed at confinement in the penitentiary for two years.

The prosecution is based upon Article 625, P. C., which denounces as felony the keeping of "any premises, building, room or place for the purpose of being used as a place to bet or wager, or to gamble with cards, dice, or dominoes, etc."

To sustain a conviction under the terms of the article mentioned, it must be shown that the accused had some interest in the premises, building, room or place, in which the games were played. See Francis v. State, 233 S. W. 974; Parshall v. State, 138 S. W. 759; also 20 Tex. Jur. p. 657, sec. 43.

Briefly summarized, the evidence adduced by the State is to the effect that a group of negroes were engaged in a "crap game" in a building known as "Frank Jones' Place" in the negro section of the city of Lufkin, Texas. They were discovered by a constable who watched the game for a few minutes and then arrested all of the parties present with the exception of one negro who escaped. At the time of his arrest the appellant was sitting at a table on which the dice were being thrown. He had in his possession a little box called "Kittie" in which was kept money collected from the participants in the game.

Appellant testified upon the trial and admitted that he was taking part in the "crap game" but claimed that he was not conducting a gambling house; that he did not have charge or control of the property; nor did he have any interest therein.

He also testified that just before the arrival of the constable one, Will Boykins, requested him to take care of the little box or "Kittie" until he returned; that while doing so the appellant was arrested by the constable. According to the appellant, Boykins had evidently seen the officer coming and therefore managed to leave the building before the arrest was made.

The State's Attorney before this court concedes that the proof fails to show that the appellant had any interest in the building as owner, lessee, tenant, or otherwise, in which the game was being played. From our examination of the evidence we are inclined to concur in this view.

The judgment is reversed and the cause remanded.