**DAVIS et al. v. STATE.**

No. 5517.

Court of Civil Appeals of Texas. Amarillo.

Nov. 2, 1942.

Nelson & Brown, of Lubbock, for appellants.

Ralph Brock and Syrian E. Marbut, both of Lubbock, for appellee.

STOKES, Justice.

This is an appeal from a judgment of the County Court of Lubbock County, forfeiting and confiscating the sum of $366 in money taken by the peace officers from appellants when they were arrested in Room 901 of the Hilton Hotel at Lubbock for engaging in a game with cards commonly known as poker.

The officers were equipped with the necessary search warrant and no question is made concerning the guilt of the appellants of violating the provisions of Article 615 of the Penal Code 1925, prohibiting the playing, betting, or wagering of money at a game of cards. The record shows that the money was on the table where the game was being played, and in addition to the money the officers seized two decks of cards, one set of poker chips, and approximately a half pint of whiskey. Due return was made upon the warrant, appellants were charged with violating the gaming laws, they pleaded guilty thereto, and paid their fines. The case made by the officer's return upon the search warrant was then tried by the court without the intervention of a jury, and, presumably under the provisions of Section 3, Article 637, P.C., Vernon's Ann.P.C. art. 637, § 3, judgment was rendered, forfeiting and confiscating the money and other property seized. The judgment provided that the money should be paid over to Lubbock County, a political subdivision of the State, to be placed in the county's general fund.

Appellants present the case for review upon a single assignment of error in which they contend the trial court erred in holding that the money in question was subject to confiscation. Appellee contends that it was subject to confiscation under the provisions of Section 3, Article 637, P.C., as amended by the 47th Legislature in 1941, Vernon's Ann.P.C. art. 637, § 3. The single question to be determined, therefore, is whether the State was entitled to confiscate the money under the circumstances revealed by the facts.

The statute invoked by appellee, Article 637, P.C.1925, as amended, extends to

the judge trying the case authority to forfeit the property only when the matter referred to in Article 636, P.C., is being considered. It seems that the Legislature sought to make this definite and certain, because the first section of Article 637 begins with the phrase, "If upon hearing of the matter referred to in the preceding Article," which is Article 636, and sections two and three begin by referring specifically to Article 636. Article 633 extends authority to a justice of the peace, or other magistrate, to issue a search warrant under proper affidavit and provides that such warrant shall direct the officer to search the premises described therein and "in the event the same is a gaming house, as defined in this chapter, to arrest all parties found therein or making their escape therefrom, and to take possession of any gambling paraphernalia, device, or equipment found therein, * * *." The term "gaming house", as used in the statute, is such a house as is mentioned in Article 625, P.C., namely, a building, place, or room which is kept for the purpose of being used as a place to bet or wager, or to gamble with cards, or to keep or exhibit for the purpose of gaming, any bank, table, alley, machine, wheel, or device whatsoever. Our courts have many times also defined a gaming house as contemplated by the law. Francis v. State, 90 Tex.Cr.R. 67, 233 S.W. 974; Lewis v. State, 136 Tex.Cr.R. 105, 124 S.W.2d 121; Morgan v. State, 42 Tex.Cr.R. 422, 60 S. W. 763; Anderson v. State, Tex.Cr.App., 12 S.W. 868.

■■ From the statutes and authorities above mentioned, it will be seen that Section 3 of Article 637, under which the State proceeded in this case, has reference only to the paraphernalia, device, and equipment that is found in a gaming house by the officer executing the search warrant, that is, when it is found in a building, place, or room which is kept for the purpose of being used as a place to bet or wager, or to gamble with cards, or to keep or exhibit for the purpose of gaming, any bank, table, alley, machine, wheel, or device whatsoever. There is nothing in the record which in any way indicates that Room 901 of the Hilton Hotel was such a place. In fact, it is not contended by appellee that it was a gaming house in any sense whatever. Its sole contention is that, under the facts revealed by the record in this case, the court had power to confiscate the money under the provisions of Section 3 of Article 637, which provides, among other things, that if the

court trying the case shall determine that the property, or any part thereof, was in fact used as equipment or paraphernalia for a gambling house "or was being used for gaming purposes, then any money or coins. seized in or with said equipment or paraphernalia shall, by order of the Court, be declared confiscated, * * *." This provision of the section must be read in connection with the entire article and, as we have already said, it is clear that each section and provision of the article refers to property only which constitutes the subject matter of Article 636, P.C., namely, gaming tables, devices, equipment, and paraphernalia of gambling houses.

■ There being no proof, or even a contention, that the place where the game was being played was a gambling house, the court erred in confiscating the money and other property belonging to the appellants,. and their assignment of error will have to, be sustained.

The judgment of the court below will be reversed and, as appellants disclaimed as to the other property seized, judgment will here be rendered, decreeing to them the money as prayed for in their original answer.