

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. W. J. Townsend
County Attorney
Angelina County
Lufkin, Texas

Opinion No. O-6748
Re: Disposition of money confiscated
from defendants were arrested for
gaming.

Dear Sir:

We have received your letters of July 25, 1945, and August 7, 1945, which state in substance that a Constable of Angelina County recently arrested sixteen persons who were discovered gambling with cards and dice in the woods away from any residence. Subsequently, all defendants plead guilty to the offense of gaming. At the time of the arrest, the Constable seized two packs of cards and $125.00 in cash, both of which were in use by the participants for gaming purposes. The Justice of the Peace entered an order confiscating the cards and money, resulting in the destruction of the cards and payment of the money into the County Treasury.

You submit your belief that under the aforementioned circumstances the money taken was subject to confiscation, and you request an opinion from this office in that connection.

Chapter Six of Title II of the Penal Code, 1925, with amendments thereto, comprise the statutory prohibitions together with the remedies against gaming in Texas. The pertinent statutes, and the only ones this writer has been able to find, regarding the confiscation and disposition of property and money lawfully seized when in use for gaming purposes, are Articles 633, 636, 637 and 638, V.A.P.C.

By Acts 1941, 47th Leg., p. 353, ch. 192, the Legislature amended Article 637 of the Penal Code, 1925, and Section 3 thereof reads in part as follows:

> "If upon a hearing of the matter referred to in Article 636, Penal Code of Texas, the Justice of the Peace, . . . shall determine that the property seized is a gaming table, bank or gambling paraphernalia and equipment per se, or . . . was in fact used as equipment or paraphernalia for a gambling house or was being used for gaming purposes, then any money or coins seized in or with said equipment or paraphernalia shall, by order of the court, be

declared confiscated, and the court shall cause
the same to be delivered to the State of Texas
or any political subdivision thereof, . . .
(Emphasis added).

Sections 1, 2 and 3 of the amended Article 637 are pre-
faced with the words "If upon a hearing of the matter referred
to in (the preceding article) Article 636, Penal Code of Texas
. . .", and it is there words of reference we wish to emphasize.
Upon reference to Article 636, the following language is found:

"It shall be the duty of every sheriff, or
other peace officer. . . to seize and take into his
possession all gaming tables, devices and other
equipment or paraphernalia of gambling houses, . . ."

Thus it is seen that the forefiture procedure of Arti-
cle 637 is limited by the seizure provisions of Article 636, to
which it refers, consequently only such paraphernalia and money
as may be seized in a gambling house are made subject to forfeit-
ure.  A thorough search of the authorities concerning the defini-
tion and use of the term gambling house failed to indicate that
it was capable of being applied to the present limited statement
of facts as described by you.  Anderson v. State, 12 S.W. 868;
Morgan v. State 60 S.W. 763; Words and Phrases, Vol. 18, p. 46,
Gambling House; 38 C.J.S. Gaming Sec. 1.

The statutes here are clear and unambiguous and when
the intention of the Legislature is apparent from the fact of
the statute, there is no room for construction.  Sutherland on
Statutory Construction, 3rd Ed., Vol. 2, Ch. 47.  With respect
to the reference of Article 637 to Article 636, P.C., the pro-
visions of the law proposed to be made applicable can be ascer-
tained with reasonable certainty and the reference is not in-
definite.  59 C.J. Statutes, Sec. 165.

The holding and language used in Davis et al. v. State
(1942), 165 S.W.2nd 757, wherein the defendants were arrested in
a hotel room for engaging in gaming, is pertinent and explicit:

"The statute invoked by appellee, Article 637,
P.C. 1925, as amended, extends to the judge trying
the case authority to forfeit the property only when
the matter referred to in Article 636, P.C., is being
considered.  It seems that the Legislature sought to
make this definite and certain, because the first
section of Article 637 begins with the phrase, 'If
upon hearing of the matter referred to in the preced-
ing Article,' which is Article 636, and Sections two
and three begin by referring specifically to Article
636. . . ."

"From the statutes and authorities above mentioned, it will be seen that Section 3 of Article 637, under which the State proceeded in this case, has reference only to the paraphernalia, device, and equipment that is found in a gaming house by the officer executing the search warrant, that is when it is found in a building, place or room which is kept for the purpose of being used as a place to bet or wager, or to gamble with cards, or to keep or exhibit for the purpose of gaming, any bank, table, alley, machine, wheel, or device whatsoever. There is nothing in the record which in any way indicates that Room 901 . . . was such a place."

"This provision of the section (referring to Sec. 3 of Article 637) must be read in connection with the entire article and, as we have already said, it is clear that each section and provision of the article refers to property only which constitutes the subject matter of Article 636, P.C., namely, gaming tables, devices, equipment, and paraphernalia of gambling houses."

It is, therefore, our opinion that the money seized by the Constable under the existing statement of facts cannot be legally confiscated and forfeited pursuant to Article 637, P.C., 1925, as amended.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Eugene Alvis
Eugene Alvis, Assistant

By /s/ Jack K. Ayer
Jack K. Ayer

APPROVED AUG 21, 1945
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      GWB, CHAIRMAN

JKA:zd:wb