**B. H. WILLIAMS, et al., Appellants,**

**v.**

**The STATE of Texas, et al., Appellees.**

**No. 3311.**

Court of Civil Appeals of Texas. Waco.

Oct. 27, 1955.

Rehearing Denied Nov. 17, 1955.

Piranio, Piranio, Ballowe & Fults, Dallas, for appellants.

H. P. Kucera, City Atty., Ted P. Mac-Master, Asst. City Atty., Henry Wade, Dist. Atty., Julian Hyer, Asst. Dist. Atty., Dallas, for appellees.

McDONALD, Chief Justice.

The Chief of Police of the City of Dallas filed application to destroy a machine known as a United Ace Shuffle Alley A–1667 and to confiscate three $1 bills, seized by the police officers of the City of Dallas in a place known as the Zebra Room, located at 2900 McKinney Ave. in Dallas, Texas.

The City of Dallas intervened, praying that any money and funds arising from the destruction of the gambling device involved be paid over to the City of Dallas. Appellants intervened, alleging that they owned the machine in question and praying that it be returned to them.

The Trial Court found the above machine to be susceptible of use as a gambling device, and that it was being used for gambling purposes at the time of its seizure, and entered judgment ordering its destruction and the three $1 bills confiscated.

The Trial Court filed Findings of Fact and Conclusions of Law summarized as follows:

### Findings of Fact

1. The Dallas police seized a United Ace Shuffle Alley A-1667 and 3 marked $1.00 bills at a tavern called the Zebra Room, 2900 McKinney, Dallas, Texas, operated by Mark Perkins.

2. The United Ace Shuffle Alley, at the time of its seizure, was so constructed that 6 players could play the machine simultaneously by each depositing 10¢ in a slot and when a "bowling pin" was knocked over a score was registered.

3. That on several occasions a police officer of the City of Dallas entered the Zebra Room and was solicited to gamble on said machine by Mark Perkins; that they did so gamble and paid their losses with the marked $1.00 bills.

4. That the Shuffle Alley was installed in the Zebra Room by appellants under an agreement to divide all the proceeds from the machine with Mark Perkins.

5. That the Zebra Room is a tavern open to the public at the time the machine was seized, and that the machine was and is susceptible of use as a gaming device, and was kept and exhibited to the public for play for the purpose of gaming and was used for gaming purposes and money was bet thereon; and that the operator of the Zebra Room, Mark Perkins, had knowledge that the machine was kept and exhibited for the purpose of gaming.

### Conclusions of Law

That this Application to Destroy was brought pursuant to Art. 636, Texas Penal Code, and the machine above described is subject to a destruction order pursuant to Art. 637, Texas Penal Code, Vernon's Ann.P.C. art. 637.

That the United Ace Shuffle Alley is gambling equipment susceptible for use as a gaming device, and was used for gaming purposes at the time of its seizure and should be confiscated and destroyed; and the three marked $1.00 bills used in connection therewith are subject to confiscation and disposition as provided in Art. 637, Texas Penal Code.

Appellants appeal, contending that the Trial Court erred 1) In refusing to make certain requested additional findings of fact, and 2) In rendering judgment ordering the United Ace Shuffle Alley confiscated and destroyed.

Appellants first complain that the Trial Court should have found that the machine was not a gambling device per se and that appellants had no control over the operation of the machine; and that if gambling was permitted thereon it was without appellants' knowledge, consent and control. •

■ After carefully reviewing the record in this case we conclude that the Findings of Fact filed by the Trial Court are amply supported by the evidence, and that they cover the controlling issues in the case.

The Trial Court found that the machine, at the time of its seizure, was susceptible of use as a gambling device and was kept and exhibited to the public for play for the purpose of gambling and was used for gambling purposes, and that the operator of the Zebra Room had knowledge that this machine was kept and exhibited for the purpose of gambling.

■ Since this is a proceeding in rem being directed against the machine in question only, the correctness of the Trial Court's judgment must be tested by the actual use of the machine while located on the premises of the Zebra Room, and not by any instructions which appellants may have given their agent, Mark Perkins, as to the actual manner in which the machine was to be operated or any intention appellants may have had to remove the machine if the same was operated illegally and if such illegal operation was brought to the attention of appellants. Since the statute under which this proceeding was instituted pro-

vides for a proceeding in rem to forfeit the machine, the fact that gambling was carried on without the knowledge or consent of the appellants is no legal defense to the action against the machine. State v. Langford, Tex.Civ.App., 144 S.W.2d 448.

■ From the foregoing it follows that the Trial Court's refusal to make additional Findings of Fact upon the evidentiary matters requested could not result in prejudice to the appellants. The appellants have suffered no injury, since the additionally requested Findings, if found by the court, could have resulted in no different judgment than the one rendered. See: Wade v. Taylor, Tex.Civ.App., 228 S.W.2d 922, 925.

Therefore we hold that the Trial Court's original Findings covered the material and controlling issues in the case and for such reason the Court's refusal to make the requested additional Findings constitutes no error.

The appellants further complain that the Trial Court erred in ordering the confiscation and destruction of the Shuffle Alley in question.

Articles 636 and 637 of our Penal Code are a part of Chapter 6, entitled Gaming.

"Art. 636. Officers to seize gaming tables

"It shall be the duty of every * * * peace officer * * * to seize and take into his possession all gaming tables, devices and other equipments or paraphernalia of gambling houses * * *. Thereupon * * * the district judge shall * * * issue written notice to the owner * * * commanding him to appear * * * and show cause why such articles should not be destroyed. * * *"

"Art. 637. Destroyed by order of court

"Section 1. If upon hearing of the matter referred to in the preceding Article, the * * * District Judge * * * shall determine that the prop-

erty seized is a gaming table or bank *or is used as equipment or paraphernalia for a gambling house, and was being used for gaming purposes, he shall order same to be destroyed* * * *.

"Sec. 2. If upon a hearing of the matter referred to in Article 636 * * * the * * * District Judge * * * shall determine that the property seized, or any part thereof, is not gambling paraphernalia per se, but that the same or any part thereof was used as equipment or paraphernalia for a gambling house and was being used for gaming purposes * * * he may, in his discretion * * * declare the same confiscated and cause the same to be delivered to the State of Texas * * * for its own use and benefit. * * *

"Sec. 3. If upon a hearing of the matter referred to in Article 636 * * * the * * * District Judge * * * shall determine that the property seized is a gaming table, bank or gambling paraphernalia and equipment per se, *or* * * * shall determine that the same, or any part thereof, was in fact used as equipment or paraphernalia for a gambling house *or was being used for gaming purposes, then any money or coins* * * * *shall* * * * *be* * * * *confiscated."*

■ From the foregoing statute it is apparent that if the court before whom an application to destroy is pending shall determine that if 1) the property seized is gambling equipment per se, *or* 2) the property was being used for gambling purposes, it can be confiscated and destroyed. Thus gambling devices per se, *or* otherwise lawful devices which are actually used in gambling are subject to a destruction order pursuant to Article 637. See: Mills v. Browning, Tex.Civ.App., 59 S.W.2d 219; State v. Langford, Tex.Civ.App., 144 S.W.2d 448. Roberts v. Gossett, Tex.Civ.App., 88 S.W. 2d 507, 509. The last named case aptly states the rule as follows:

*"They did not have to show [that] the marble machines were per se gaming tables. Being so constructed as to be capable of being operated as such, their right to proceed is absolute, if they were in fact so operated."*

In the case at bar the court found that the Zebra Room is a tavern open to the public at the time the machine was seized; that the machine was and is susceptible of use as a gaming device, and was kept and exhibited to ·the public for play for the purpose of gaming and was used for gaming purposes and money was bet thereon, and the operator of the Zebra Room knew that the machine was kept and exhibited for the purpose of gaming.

The record contains ample evidence to support the findings by the Trial Court. In fact, police officers of the City of Dallas gambled with the operator of the Zebra Room with marked money themselves; in addition to observing many others gambling at such place.

All of appellants' points are overruled and the judgment of the Trial Court is affirmed.