The STATE of Texas, Appellant,

v.

Tommy LARIMORE, Appellee.

No. 15745.

Court of Civil Appeals of Texas.

Fort Worth.

June 29, 1956.

Rehearing Denied Sept. 14, 1956.

Howard M. Fender, Criminal Dist. Atty. for Tarrant County, R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, John Gano, Earl C. Morgan, and G. Gordon Whitman, Fort Worth, for appellant.

No appearance for appellee.

PER CURIAM.

This is a proceeding in rem against a "pinball machine", instituted by peace officers of the City of Fort Worth. The case was docketed in the district court as State of Texas versus Tommy Larimore. Larimore was the owner of the machine. Procedure was pursuant to Vernon's Ann. P.C. arts. 636, and 637. Though served with notice to appear and show cause why his "pinball or marble machine" theretofore seized by the peace officers should not be ordered destroyed, owner Larimore failed to appear at the hearing. The State, as a party in the position of plaintiff, introduced evidence upon the hearing. The trial judge entered an order finding that the machine was not a gambling device, that plaintiff (the State) had not shown itself entitled to an order for the destruction of the machine, and denying the petition for destruction. From this order the State appealed.

It is not apparent whether jurisdiction ever existed as to Mr. Larimore, other than in connection with the show cause hearing. This hearing was held and the trial court's order entered before he was ever required to make an appearance, and, since the occasion never presented the necessity, he apparently has found no reason to contend for the rights afforded him under V. A.P.C. art. 638.

■ We are of the opinion that the trial judge erred when he found that the machine was not a gambling device. A marble or pinball machine, so "rigged" that a player can win (through chance) the property or property right of "free plays" thereon, as an incident to manipulating a projector propelling marbles onto the face of the machine, is a "gaming device" within the provisions of art. 619 of the Penal Code. See cases under 18 Tex. Digest, Gaming, ☞ 58 and 68(3).

■ To that extent only, however, do we find ourselves in disagreement with the trial court. On the show cause hearing, testimony was received from the City's Chief of Police, and from the officers who had seized the machine in question. There was evidence adduced from these individuals which, in our opinion, would compel a holding that it was a "gambling device" per se. The testimony established prima facie that Larimore was its owner. However, the only proof purporting to show that the machine was being used for gaming purposes or for gambling was the testimony of the officers who had seized it to the effect that at the time of their entry upon the premises of the public place where it was being exhibited "a man was playing the said pinball machine". Further testimony showed only that when such unidentified man ceased to play the machine the officers made their seizure.

Under the provisions of V.A.P.C. art. 637, it appears that before the judge hearing the matter shall enter an order directing the destruction of a "gaming table" seized under the provision of art. 636, he shall first determine that it "was being used for gaming purposes". We are not concerned here with a question of criminal law, but have for our consideration only a proceeding in rem under rules of civil procedure against the machine itself.

The evidence does not show that the man who played the machine was a wagerer or bettor, or that the extent of his "playing" went beyond the simple act of shooting one or two balls to see the "lights light up". It might well be that he did not deposit a coin in the machine, but found a "free game" a previous player had left unplayed and was doing the shooting merely because it cost him nothing to shoot.

It appears that in the case of Hightower v. State, Tex.Civ.App.Dallas, 1941, 156 S. W.2d 327, error refused, some of the marble tables seized were ordered restored to the owner thereof because of an absence of proof that they were used for gaming purposes.

Without consideration of the question as to whether the finding made by the trial court was compelled, we are satisfied that the judgment it entered was proper. Under the state of the testimony (with reference to the matter of what the "gaming machine" was being used for prior to the time it was seized), we cannot say that application of law to the evidence required the trial judge to hold that the State had established a right to the issuance of an order directing the machine's destruction.

The judgment is affirmed.