City Attys., Howard M. Fender, Criminal Dist. Atty., Ft. Worth, for petitioner.

No appearance for respondent.

PER CURIAM.

This is a proceeding in rem instituted by the Chief of Police of the City of Fort Worth, Texas, to obtain an order for the destruction of a "pinball machine" in accordance with Articles 636 and 637, V.A. P.C. The trial court denied the petition for the order of destruction and the Court of Civil Appeals affirmed the judgment of the trial court. 293 S.W.2d 277.

■ The Court of Civil Appeals correctly held that the evidence at the trial shows without dispute that the pinball machine was a gambling device per se under the terms of Article 619, V.A.P.C. and the above cited statutes. The trial court and the Court of Civil Appeals erred in holding that the plaintiff had the additional burden of proving the machine was being used for gambling purposes. In the recent case of Williams v. State of Texas, 283 S.W.2d 444, 447, the Court of Civil Appeals at Waco passed upon this identical question and construed Article 637 as follows:

> "From the foregoing statute it is apparent that if the court before whom an application to destroy is pending shall determine that if 1) the property seized is gambling equipment per se, or 2) the property was being used for gambling purposes, it can be confiscated and destroyed."

■ The above interpretation of the statute was approved by the Supreme Court by its refusal of an application for writ of error in that case. Since the plaintiff in the present case proved that the pinball machine was a gambling device per se, the machine should have been condemned under the statute.

■ The decision of the Court of Civil Appeals in the present case being in conflict with the decision in the Williams case which was approved by the Supreme Court, the judgments of the trial court and Court of Civil Appeals in this case are reversed upon the application for writ of error. Rule 483, T.R.C.P. Thompson v. Gibbs, 150 Tex. 315, 240 S.W.2d 287. The cause is remanded to the trial court to enter an order consistent with the above opinion.

**Ex parte Ernest B. PETERSON.**

v.

**STATE.**

**No. 28596.**

Court of Criminal Appeals of Texas.

Nov. 28, 1956.

Turner, Rodgers, Winn, Scurlock & Terry, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., William F. Alexander, and George P. Blackburn, Asst. Criminal Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

This is an appeal from the order of the District Court of Dallas County remanding relator to the custody of the agent of the State of Tennessee.

Relator has filed his personal affidavit stating that he no longer desires to prosecute this appeal and requests that the same be dismissed.

The request is accordingly granted, and the appeal is dismissed.