Howard JONES et al., Appellants,

v.

Kit PETTIGREW et al., Appellees.

No. 5348.

Court of Civil Appeals of Texas.

El Paso.

Oct. 14, 1959.

Rehearing Denied Nov. 4, 1959.

Travis White, City Atty., Robert J. Galvan, Bert Williams, Asst. City Attys., El Paso, for appellants.

Fryer, Milstead & Luscombe, El Paso, for appellees.

FRASER, Justice.

Appellees, on a trial to the jury, recovered judgment against appellants for the

amounts of monies taken from appellees by police officers of the City of El Paso in consequence of a raid made by said officers on a card game being played in Room 604 of the Hilton Hotel in the City of El Paso on March 21, 1958.

The record reveals that the officers in question who conducted the raid had peered, or peeked, through a small crack or peep-hole and, after so doing, secured a search warrant. Returning to the hotel with the search warrant, the officers broke in the door and arrested five occupants. A sixth, who remained in the bathroom, was not discovered nor arrested. It was not denied that the men had been playing cards or gambling, nor was it disputed that the money in question, taken from appellees, was taken from the pockets or clothing of appellees.

The trial court granted an injunction ordering the confiscated money placed in the registry of the district court, which was done. Subsequently this matter was tried by said district court.

Appellants present four points of error. The first two complain of the court's definition of the term "gambling house", and the court's failure to submit a proper definition thereof to the jury.

It is apparent that Articles 636 and 637 of the Vernon's Ann.Texas Penal Code are the pertinent statutes bearing on the controversy before us. These statutes provide, generally, that that which is to be appropriated or destroyed must be either a gambling device per se, or that which the proof shows was used for the purpose of gambling. Both parties to this cause have briefed the case thoroughly with reference to the alleged points of error.

■ Inasmuch as it is not disputed that the money in controversy was taken from the pockets or clothing of the occupants of the room, which was a regular bedroom of the Hilton Hotel, we believe that appellants were not able to establish sufficient identification to enable them to retain the money under the statutes applicable thereto. It has been held, with reference to the above statutes, that property to be appropriated or destroyed must be either gambling equipment, per se, or used for gambling purposes: State ex rel. Hightower v. Larimore, 156 Tex. 267, 295 S. W.2d 654.

Here, the object seized was money and, of course, money is not, per se, gambling equipment. Under the facts here present—to-wit, the only observation made before crashing in the door was through a tiny peep-hole, which one officer testified was about the dimension of a match, plus the fact that the money then seized was taken from the pockets of the occupants—we do not believe the appellants were able to present sufficient evidence that the money taken from the pockets of the appellants, in part or in whole, had been used or was being used for gambling purposes. There was no evidence of any marked money. There was some testimony to the effect that some of the appellants stuffed some money in their pockets. We do not think this evidence sufficient to warrant appropriation of the money here involved. It must be borne in mind that the money seized here was not taken from any machine or article of furniture or device of any kind; nor was it taken from one proven to be a proprietor of the game, but consisted solely of money taken from the pockets of those alleged to have been playing.

Appellants' third point, we think, is covered by the above ruling, and will not be discussed.

■ Appellants' fourth point complains of the trial court's action in allowing the judgment to bear interest. We think this point is well taken, as we do not believe this is a case where the statutes contemplate the accrual of interest on a judgment. Here, the trial court itself had caused the money to be taken from the possession of the appellants and placed in the registry of the court. All things con-

sidered, we believe the addition of interest to the actual money recovered is improper in the present case: Kirkpatrick v. Great American Ins. Co., Tex.Civ.App., 299 S.W. 943.

The judgment of the trial shall, therefore, be reformed so as to exclude the addition of interest to the amounts recoverable by the appellees.

Appellants' first three points of error are overruled, and the judgment of the trial court, as reformed, is affirmed.