**Sam McFARLAND, Appellant,**

**v.**

**Leon JONES, Angelina County, Appellees.**

**No. 6599.**

Court of Civil Appeals of Texas.

Beaumont.

May 10, 1963.

Rehearing Denied June 12, 1963.

Charles K. Ruth, Lufkin, for appellant.

H. R. Rolston, Lufkin, for intervenor.

Dan Brazil, Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellees.

HIGHTOWER, Chief Justice.

The structure or buildings in which appellant was arrested for gambling were not shown to have been "gambling houses", as that term is defined in Schepps v. City of El Paso, Tex.Civ.App., 338 S.W.2d 955.

The sum of $1,984.00 found upon the person of appellant and ordered confiscated by the trial court was not, under the circumstances and evidence, subject to confiscation within the meaning of Art. 636 and 637, Vernon's Annotated Penal Code of Texas, Schepps v. City of El Paso, supra.; Jones v. Pettigrew, Tex.Civ.App., 328 S.W.2d 450; Davis v. State, Tex.Civ. App., 165 S.W.2d 757. Nor was the money sought to be confiscated commingled with gambling equipment or paraphernalia in such manner as to constitute it an integral part thereof within the meaning of Art. 636, 637, supra. See opinion by this court of April 25, 1963, Demaris, et al. v. State, Tex.Civ.App., 367 S.W.2d 909.

Appellant's contention that he is entitled to interest on his money from the date of its confiscation is deemed to be without merit. Jones v. Pettigrew, supra.

The judgment of the trial court confiscating appellant's money aforesaid is reversed and judgment is here rendered that said sum be returned to appellant.

Reversed and rendered.