CITY OF DALLAS et al., Appellants,

v.

Harry YARBROUGH, Appellee.

No. 16654.

Court of Civil Appeals of Texas.

Dallas.

Feb. 4, 1966.

N. Alex Bickley, City Atty., Ted P. Mac-Master and Jack E. Walter, Asst. City Attys., Dallas, for appellants.

Burt Barr and O. H. Harris, Dallas, for appellee.

DIXON, Chief Justice.

Pursuant to Article 636 of the Penal Code of the State of Texas police officers of the City of Dallas seized five pool tables and a number of billiard balls, cue sticks and other paraphernalia used for gaming purposes at premises occupied by Walnut Hill Billiard Club, Inc., a pool hall much frequented by persons of 'teen age.

Thereafter Harry Yarbrough, appellee herein, filed suit against Walnut Hill Billiard Club, Inc. for debt represented by two notes in the total principal amount of $7,214, and for foreclosure of two chattel mortgage liens against twenty billiard tables and other property, including the property seized by the police. The City of Dallas was made a party because the seized property is in the possession of the City. The City filed a cross-action alleging that the property taken into the possession of the police is subject to seizure and destruction under Articles 636 and 637 of the Penal Code. The City and the Chief of Police, who entered an appearance in the case, prayed for an order for its destruction.

In a trial before the court without a jury the evidence was undisputed that the five billiard tables and other seized property were equipment of a gambling house and were being used for gaming purposes by Walnut Hill Billiard Club, Inc. and its customers. Nevertheless, the court not only rendered judgment in favor of appellee for debt in the principal amount of $7,214, but also rendered judgment foreclosing appellee's chattel mortgages against the property seized by the police. The court held that as a matter of law Articles 636 and 637 et seq. of the Penal Code will not allow destruction of the seized property as against a valid chattel mortgage. Therefore, judgment was rendered that the City take nothing by its cross-action and the City was ordered to turn the seized property over to appellee, the mortgagee.

Appellant City in its one point on appeal contends that the court erred in that a proceeding under Articles 636 et seq. of the Penal Code is an action in rem against the seized property, and is binding on all persons, including appellee in this case, no exception being made for a mortgagee holding a valid mortgage. We agree with appellant.

Articles 636, 637 and 641 of the Penal Code make it the duty of every peace officer to seize all equipment and paraphernalia of gambling houses being used for gaming purposes; to submit a report to the proper magistrate; and to ask for a destruction order. The proceeding is one in rem against the property. State ex rel. Hightower v. Larimore, 156 Tex. 267, 295 S.W.2d 654; Williams v. State, Tex. Civ.App., 283 S.W.2d 444.

Article 638 of the Penal Code provides that any person having an interest in or entitled to possession of the seized property shall have the right at any time before the destruction to try the issue whether the property was used as equipment or paraphernalia of any gambling house. But Article 638 grants the right only as to the one issue. There is no provision granting to an interested party such as an innocent mortgagee the right to defend against the forfeiture by showing that he did not participate in the use of the property for gaming

purposes and did not know that it was being so used.

By specifying in Article 638 of the Penal Code only one defensive issue made available to parties claiming an interest in the seized property, the Legislature must have intended to exclude other defensive issues. The maxim *expressio unius est exclusio alterius* (the specification of one thing is exclusive of another) states a rule which is of long standing in this State, which has been pronounced a sound one, and which is frequently applied. Bryan v. Sundberg (1849), 5 Tex. 418, 422; Harris County v. Crooker et al. 112 Tex. 450, 248 S.W. 652, 655; Foshee Refining Co., Inc. v. State et al. Tex.Civ.App., 73 S.W.2d 1098, 1100; State et al. v. Mapel, Tex.Civ. App., 61 S.W.2d 149, 152; State v. Richards, 157 Tex. 166, 301 S.W.2d 597. We think the rule is applicable here.

In the Richards case, above cited, our Supreme Court construed Article 725b of the Penal Code which provides for the forfeiture of any vehicle used to transport narcotics. The statute provides protection for a mortgagee, but only limited protection for an owner. The court held that since the Legislature spelled out certain exceptions to the forfeiture provision no protection was afforded to an innocent owner who failed to bring himself within one of the exceptions.

A strict forfeiture statute has also been upheld in the Federal Courts. General Finance Corp. of Fla. South v. United States, 5 Cir., 333 F.2d 681; United States v. One 1952 Model Ford Sedan Automobile, 5 Cir., 213 F.2d 252; United States v. Gramling, 5 Cir., 180 F.2d 498.

We call attention to Section 2 of Article 637 of the Penal Code which provides that if it is determined that the seized property is not gambling paraphernalia per se and is capable of being used for some legal purpose, the trial court, instead of ordering the property destroyed, may at his discretion declare the property confiscated and cause it to be delivered to the State, or any political subdivision thereof, or to any state institution to be kept by it for its own use and benefit. The seized properties in this instance are not gambling paraphernalia per se. Therefore, this is a case in which the trial court is clothed with the discretionary authority provided in Section 2 of Article 637 of the Penal Code.

Appellant's point on appeal is sustained. Appellee's money judgment against Walnut Hill Billiard Club, Inc. is affirmed. The judgment foreclosing appellee's chattel mortgage and ordering the City to turn over the seized property to appellee is reversed, as is that part of the judgment that the City take nothing by its suit; and judgment is here rendered that appellee be denied foreclosure of his chattel mortgage lien against the seized property and that the City and its Chief of Police have judgment declaring the property in controversy to be confiscated; and the trial court is directed to enter an order requiring the City and its Chief of Police either to destroy the seized property, or to make such other disposition of it as is provided under Section 2 of Article 637 of the Penal Code.

The judgment of the trial court is affirmed in part and reversed and rendered in part as above indicated. The cause will be remanded to the trial court for the limited purpose only of implementing the judgment here rendered by exercising the trial court's discretionary authority as to the type of order to be entered in compliance with Section 2 of Article 637 of the Penal Code.

Affirmed in part, reversed and rendered in part, and remanded for limited purpose as outlined above.