**Hubert Richard SPRADLING, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–91–00819–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 27, 1994.

Louis Dugas, Orange, for appellant.

Stephen C. Howard, Terrence Holmes, Orange, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN and WILSON, JJ.

### OPINION

OLIVER–PARROTT, Chief Justice.

A jury convicted appellant of driving while intoxicated, found an enhancement paragraph true, and assessed punishment at nine-years confinement and a $9,500 fine. In a single point of error, appellant challenges the admission of the audio from the DWI videotape. We affirm.

◼ Appellant asserts the trial court erred in admitting the audio portion of his videotaped sobriety test. Appellant cites the stat-

ute that requires counties with a population of 25,000 or more to purchase equipment for visually recording persons arrested for driving while intoxicated. Act of May 23, 1983, 68th Leg., R.S., ch. 303, § 24, 1983 Tex.Gen. Laws 1568, 1605; *reprinted following* TEX. REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp. 1993); *also reprinted following* TEX.PENAL CODE ANN. § 19.05 (Vernon 1989). The statute does not mention audio recording. Appellant argues that the legislature, by expressly mentioning only video recordings in this statute, intended to exclude audio recordings. He invokes a maxim of statutory construction: *expressio unius est exclusio alterius,* i.e., "the expression of one thing is the exclusion of another." BLACK'S LAW DICTIONARY (5th Ed.1979). Appellant concludes that the audio portion of the tape is inadmissible. Appellant is mistaken.

The statute orders counties to purchase video recording equipment for use in arrests of DWI suspects and others. This is a directive to acquire additional equipment needed to deal with the DWI problem throughout Texas. The statute does not purport to circumscribe or limit admissible evidence.[1] Hence, it does not help appellant.

Nor does appellant's primary case, *City of Dallas v. Yarbrough,* 399 S.W.2d 938 (Tex. Civ.App.—Dallas 1966, no writ), support his position. *Yarbrough* is a civil case involving confiscation and destruction of gaming equipment; it does not address video or audio recordings.

 Caselaw does, however, address the admissibility of audio recordings. Some audio recordings are admissible; others are not.[2] It is necessary to determine whether any of the statements were the product of custodial interrogation. *Jones v. State,* 795 S.W.2d 171, 172 (Tex.Crim.App.1990). "[A]udio tracks from DWI videotapes should not be suppressed unless the police conduct depicted expressly or impliedly calls for a testimonial response not normally incident to arrest and custody or is *conduct the police should know is reasonably likely to elicit such a response." Id.* at 176. The audio portion of the videotaped sobriety test is "merely another example of the collection of physical evidence, both visual and aural." *Id.* at 175.[3]

Appellant has not objected to specific audio segments, alleging that they contain testimonial responses.[4] Instead, he objects to the audio track in its entirety: "Your Honor, we would object to *any* audio portion of this tape. The statute does not authorize that." The record contains neither the videotape nor a transcript of its audio portion for a *Jones* analysis. Therefore, any error is not presented for our review.

We overrule appellant's sole point of error and affirm the judgment of the trial court.

1. The only evidentiary consideration that the statute mentions is that the State's failure to use the video equipment, if the particular county is required to purchase it, is admissible. This statute is not an evidence limitation statute. It is a crimefighting-equipment acquisition statute, and it should be interpreted and construed as such.

2. An appellant's audiotaped invocation of right to counsel is not admissible. *Hardie v. State,* 807 S.W.2d 319, 320, 322 (Tex.Crim.App.1991). Nor is an appellant's audiotaped invocation of the right to remain silent. *Gathright v. State,* 698 S.W.2d 260, 261 (Tex.App.—Fort Worth 1985, no pet.). Even if appellant asserts his right to remain silent by standing mute when questioned, rather than by verbally claiming the fifth amendment, the audio portion covering the questions may not be admitted. *Id.* Audio portions containing compelled testimony given in response to custodial interrogation are not admissible. *Mif-*

*fleton v. State,* 777 S.W.2d 76, 81 (Tex.Crim.App. 1989). Appellant does not object to the video aspect of the recording.

3. Appellant also cites *Pennsylvania v. Muniz,* 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990), but it offers him no support. *Muniz* held that a DWI suspect's voluntary, incriminating utterances made during an audiotaped dialogue with police about how the sobriety test would be performed, were not in response to custodial interrogation and were admissible. *Id.* at 604, 110 S.Ct. at 2651–52. *Muniz* supports the State.

4. The record in the present case does not indicate whether appellant had invoked his *Miranda* rights prior to the videotape. Nor has appellant asserted a violation of his fifth amendment rights; he merely urges that the legislature did not intend to authorize audiotaping of DWI suspects.