Gordon H. Mahley, Jr., J.
On June 9, 1961, pinball machines were confiscated at each of the defendants’ place of business in the Village of Pulaski, by the New York State Police. Thereafter, and upon the information of Trooper H. F. Fiegl, each defendant was charged with violation of subdivision 2 of section 982 of the Penal Law of the State of New York, which states: 1‘ Any machine, appartus or device is a slot machine or device within the provisions of this section if it is one that is adapted, or may readily be converted into one that is adapted, for use in such a way that, as a result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any piece of money, credit, allowance or thing of value, or any check, slug, token or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance or thing of value, or which may be given in trade, or the user may secure additional chances or rights to use such machine, apparatus or device; irrespective of whether it may, apart from any element of chance or unpredictable outcome of such operation, also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value.”
Each of the defendants were arraigned before this court on June 9, 1961 and entered pleas of not guilty to the charge. Thereafter, on June 13,1961 this court, in company with Thomas McCarthy, Esq., of the District Attorney’s office, and Lee Alexander, Esq., attorney for the defendants, had occasion to *295 examine the machines and observe their actual operation. These machines are commonly known as pinball machines, and attain for the player some score, which is recorded on the machine. It is the understanding of this court that this player may receive an additional ball in order to raise his score on the machine, but that the user does not receive or become entitled to receive any piece of money, credit or allowance or thing of value.
Clearly this machine would be a gambling device if the user of the machine received a free game or could exchange his score for some monetary reimbursement. Conversely, it is obvious that, if the user of the machine could receive absolutely nothing for insertion of 10 cents, this would not be a gambling machine under the purview of the Penal Law. In this case, the player, if he is skillful enough, can obtain an additional ball which adds to his score. There is no element of chance and the user of the machine does not receive any monetary reward for his effort.
It is therefore the opinion of this court that since the basis for the charge against the respective defendants is the keeping of illegal slot machines, and that upon determination, these machines in question are not illegal pinball machines, the charge against the defendants should be dismissed.