

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

Affirmed by _C-89_

December 20, 1962

Honorable Henry Wade
District Attorney
Dallas County
Records Building
Dallas, Texas

Opinion WW-1506

Re: Whether or not "Flipper
Cowboy", a type of marble
machine is a gaming de-
vice and thus prohibited
under Article 642a of the
Texas Penal Code.

Dear Sir:

You have asked this office for an opinion on whether
or not "Flipper Cowboy," a type of "marble machine" is a gaming
device and thus prohibited under Article 642a of the Texas
Penal Code.

Certain facts as to the operation of the machine have
been set out by you in your request and it is upon these facts
that this opinion is based. Those facts are as follows:

The said "marble machine" has a playing field set
on four legs and is played by inserting a coin
in the machine.

No free games or money are returned to the player
under any circumstances.

The machine has mechanical devices on either side
of the playing field called "flippers" which, if
properly manipulated, enable the player to hit the
ball in play thereby preventing the ball from
falling into the "return hole" and allowing the
player to continue the same game.

The game may be continued by the player and with
the same ball if said player is skillful enough
to obtain certain scores.

The machine is not equipped with any device which
would allow any "free games," or the granting of
any money, credit, property, etc.

The owner of the machine offers no more than one
game.

There is ample authority that if there is something of value to be won by playing the subject machine, then it would be a gaming device within the meaning of Article 642a of the Texas Penal Code.  It follows that Article 619 of the Texas Penal Code would apply should a person keep or exhibit such a machine.

We find no Texas case which is applicable to the instant situation.  It is clear from careful study of State v. One Slot Machine, 305 S.W.2d 386, that a marble machine designed to reward a player with free games "as a result of application of an element of chance" is a slot machine within the meaning of Article 642a.  That case as well as State v. Larimore, 293 S.W. 2d 277 both involve marble tables but are distinguishable from the present case since there the court in both of those instances was dealing with tables which allowed "free games" while here we concern ourselves only with the continuation of the same game with the same ball based upon the score the player is capable of making.

We agree with your conclusion that the operation of this machine is to be distinguished from all cases previously decided by the Texas Courts which deal with similar machines.

Basically, gambling devices and amusement devices may appear similar as to their operation but they are functionally different.  A coin operated amusement device does only two things, it: 1) receives a coin and 2) it gives, in return for the coin, the right to play one game.  While a coin operated gambling device does four things: 1) receives a coin, 2) gives the right to play one game, 3) applies an element of chance, and 4) gives a pay off or prize which depends upon the application of the element of chance.

Under the facts as presented by you, we agree with you "Flipper Cowboy" does not fall into the category of a coin operated gambling device.  In short, we can say that when a player deposits his money in "Flipper Cowboy" he pays for and receives one game.  That is all he bargained for and all he will get.  Only the length of the game is left to be determined and that by the skill of the player.  When that one game is completed the only way the machine can be replayed is by depositing an additional coin.

We believe that "Flipper Cowboy" is an amusement device within the above definition, unless those playing same are in fact betting on the outcome of the game.

As previously stated, we have found no Texas case which is strictly applicable; however, we agree with the case State of New York v. Horton, 229 N.Y.S. 2d 25, which you cited for our assistance and we quote from that opinion as follows:

> "Clearly this machine would be a gambling device if the user of the machine received a free game or could exchange his score for some monetary reimbursement. Conversely, it is obvious that if the user of the machine could receive absolutely nothing for the insertion of 10 cents that this would not be a gambling machine under the purview of the Penal Law. In this case, the player, if he is skillful enough, can obtain an additional ball which adds to his score. There is no element of chance and the user of the machine does not receive any monetary reward for his effort."

We, therefore hold, based on the facts as presented and as outlined above, that "Flipper Cowboy," a type of marble table is not a gaming device per se and is not prohibited under Article 642a of the Texas Penal Code.

## S U M M A R Y

"Flipper Cowboy," a type of coin operated marble machine is not a gambling device and is not therefore prohibited under Article 642a of the Texas Penal Code.

Very truly yours,

WILL WILSON
Attorney General of Texas

By  F. R. Booth
    Assistant

FRB:zt

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Howard Mays
Robert Lewis
Marvin Sentell

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore