Jack Stanislaw, J.
Gambling has been called a disease of barbarians, superficially civilized. In a legal frame of reference it is characterized in somewhat the same way, a play for value against an uncertain event in the hope of gaining something of value. Thus a gambling device is that which is utilized to facilitate the play for excess value.
*947 Here we are concerned with 10 pinball machines seized by the Suffolk County Police Department from petitioner’s premises. Petitioner charges that the seizure was procedurally unlawful, and unwarranted as to these machines in any event since they were not and are not ‘ ‘ gambling devices ’ ’.
Article 225 of the revised Penal Law deals with “ Gambling Offenses”. Gambling itself is defined as parting with value on the chance of receiving a return of value, the material element being chance though skill may be somewhat involved. (Penal Law, § 225.00, subds. 1 and 2). Of course, a gambling device promotes an operation based on chance (Penal Law, § 225.00, subd. 7), and possession of such a device is a class A misdemeanor (Penal Law, §§ 225.30, 225.35).
The pinball machines seized have in common alleged added value to be received, in the nature of additional play through an extension of service dependent upon the progress of the game. That is, a player may apparently prolong his initial play, as opposed to his “ winning ” further separate games. In any event, even extended play was found sufficient to categorize a machine as a slot or pinball machine gambling device under section 982 of the former Penal Law (People v. Raziano, 268 App. Div. 798; People v. Antonelli, 34 Misc 2d 159, affd. 17 A D 2d 1033; contra People v. Horton, 33 Misc 2d 294). Although we agree that the machines here in question depend in play upon an element of chance in material degree and do probably offer something of value, the fact remains that they fall specifically within the framework of the general definition of “ slot machines ” (Penal Law, § 225.00, subd. 8). Thus they are excluded from the more broadly defined area of “ gambling devices ” per se (Penal Law, § 225.00, subd. 7) as things generally usable in gambling play for value on chance. Instead, they are particularly gambling devices only if “as a result of the insertion of a coin or other object, operate [d] * * # in such manner that, depending upon elements of chance, [they] may eject something of value.” (Penal Law, § 225.00, subd. 8; emphasis supplied.) The reference to any value received as being ejected from the machine takes us beyond the old statutory definition of 11 slot machine ’ ’ in subdivision 2 of section 982 of the former Penal Law which had eliminated a prior qualification that value “ issue ” from the slot machine. The cases cited above and others applying the test of the former section are not appropriate now inasmuch as the Legislature has now presumably determined to reinstate the former qualification that value come to the player directly from or out of the slot *948 machine itself in order to constitute the machine a prohibited slot machine (People v. Gravenhorst, 32 N. Y. S. 2d 760).
It now follows that before a device may be called a slot machine it must be shown to be capable of actually ejecting something of value. In the case before us we have pinball (or slot) machines which do not eject things, value or anything else, and so are not susceptible of characterization as slot machine gambling devices. The seizure was therefore unwarranted and the application that the machines and moneys therein be delivered to petitioner is granted.