TYSON, Judge.
Morris W. Holley was convicted of possession of a gambling device, to-wit, “a slot machine with the intention that it be used in the advancement of unlawful gambling activity in violation of § 13A-12-27, Code of Alabama” 1975. The trial court sentenced the defendant to a three-month suspended sentence of hard labor in addition to a $500.00 fine. The defendant was placed on probation for a period of one year.
The following facts were stipulated by the district attorney and the appellant so *953 that an appeal could be taken directly from District Court to this court under § 12-12-72, Code of Alabama 1975.
“On or about May 9, 1988 Morris W. Holley was arrested by A.B.I. agent Larry Morris. Mr. Holley was charged under section 13A-12-27 Code of Alabama. Specifically, Mr. Holley was charged with possession of ‘a gambling device, to-wit: A Slot Machine, with intention that it be used in the advancement of unlawful gambling activity.’ For purposes of this appeal it is admitted that Mr. Holley possessed this machine. The machine possessed was an Omega ‘Double Up’ card machine. The machine is a type of video machine such that when a quarter is inserted into the machine, the machine is engaged and images of playing cards appear on the machine. The player then proceeds to play cards or poker against the machine. For each game that the player wins a point is displayed on the screen of the machine. For each game the player loses a point is deducted from the machine. If the points reach zero another quarter must be inserted or else the player must quit playing. If the player wishes to quit playing while he still has points displayed on the machine’s screen then he must either give these points to the next player or he must call the manager over to the machine. Once the manager is at the machine he reads the display of points off of the machine, resets the machine by hitting or depressing an internal button(s). The manager then either gives the player $.25 per point or writes out a credit of $.25 per point.
“The parties specifically stipulate that nothing is physically ejected, thrown out, expelled, discharged or emitted from the machine. The machine merely displays a number on its screen.

“Question of Law.

“Whether the machine, as described in the stipulation of facts, is a slot machine as defined under section 13A-12-20(10). Stated more specifically, does the machine “eject something of value” as that phrase is used in section 13A-12-20(10) even though nothing is physically ejected from the machine.” (R. 9-10).
I
The appellant was charged with possession of a gambling device, specifically a slot machine, under § 13A-12-27, Code of Alabama 1975. Section 13A-12-27 reads as follows:
“(a) A person commits the crime of possession of a gambling device if with knowledge of the character thereof he manufactures, sells, transports, places or possesses, or conducts or negotiates any transaction affecting or designed to affect ownership, custody or use of:
“(1) A slot machine; or “(2) Any other gambling device, with the intention that it be used in the advancement of unlawful gambling activity.
“(b) Possession of a gambling device is a Class A misdemeanor.”
The only issue before this court is whether the machine possessed by the appellant is a slot machine as defined by § 13A-12-20(10), Code of Alabama 1975. This section defines a slot machine as:
“A gambling device that, as a result of the insertion of a coin or other object, operates, either completely automatically or with the aid of some physical act by the player, in such a manner that, depending upon the elements of chance, it may eject something of value. A device so constructed or readily adaptable or convertible to such use is no less a slot machine because it is not in working order or because some mechanical act of manipulation or repair is required to accomplish its adaptation, conversion or workability. Nor is it any less a slot machine because apart from its use or adaptability as such it may also sell or deliver something of value on a basis other than chance.” (emphasis added).
The appellant contends that the machine in question is not a slot machine according to the definition set out in § 13A-12-20(10) because nothing is physically ejected from the machine.
This court has been unable to find any Alabama case law which would aid in our *954 interpretation of this statute which defines a slot machine. Section 13A-12-27 was adapted from New York’s Revised Penal Law § 225.30 (McKinney 1987).
This section reads as follows:
“A person is guilty of possession of a gambling device when, with knowledge of the character thereof, he manufactures, sells, transports, places or possesses, or conducts or negotiates any transaction affecting or designed to affect ownership, custody or use of:
“1. A slot machine; or “2. Any other gambling device, believing that the same is to be used in the advancement of unlawful gambling activity.
“Possession of a gambling device is a class A misdemeanor. L.1965, c 1030.”
New York Revised Penal Law § 225.30 (McKinney 1987).
Section 225.00(8) defines a slot machine as:
“... a gambling device which, as a result of the insertion of a coin or other object, operates, either completely automatically or with the aid of some physical act by the player, in such manner that, depending upon elements of chance, it may eject something of value. A device so constructed, or readily adaptable or convertible to such use, is no less a slot machine because it is not in working order or because some mechanical act of manipulation or repair is required to accomplish its adaptation, conversion or workability. Nor is it any less a slot machine because, apart from its use or adaptability as such, it may also sell or deliver something of value on a basis other than chance. A machine which sells items of merchandise which are of equivalent value, is not a slot machine merely because such items differ from each other in composition, size, shape or color.”
New York Revised Penal Law § 225.00(8) (McKinney 1987). (emphasis added).
In Beamel Amusement Corporation v. Police Department of Suffolk County, 54 Misc.2d 946, 283 N.Y.S.2d 760 (N.Y. Sup.,1967) the Supreme Court of Suffolk County examined the definition of a slot machine as set out in § 225.00(8).
In this case the court stated that, “before a device may be called a slot machine it must be shown to be capable of actually ejecting something of value.” Beamel, 283 N.Y.S.2d at 762. (emphasis in original).
New York has subsequently amended § 225.30 with a subsection (3). This amendment makes it illegal to possess a “coin operated gambling device with intent to use such device in the advancement of unlawful gambling activity”, New York Revised Penal Law § 225.30 (McKinney 1987). This new term, “coin operated gambling device” is defined under the term gambling device, not slot machine. (See, § 225.00(7) and (7-a) and Supplementary Practice Commentaries to § 225.00(7) and (8)). These commentaries suggest that the legislature created this new term “coin operated gambling device” specifically to cover the type machine similar to the one the appellant was charged with possessing because they would not be covered under the traditional definition of a slot machine.
The commentaries state that,
“... [Tjhese devices range from video versions of slot machines, to various ‘poker’ style configurations. Unlike traditional slot machines, they do not ‘eject’ something of value, but merely record it on the machine.... In most cases, the credits recorded on the machine are exchanged for cash by the proprietor or manager of the premise that plays host to the machine.”
See, Supplementary Practice Commentaries to § 225.00(7) and (8) to New York Penal Law § 225.00(7) and (8). (emphasis added).
Thus we conclude that, in order for a gambling device to be defined as a slot machine, it must actually eject something of value from the machine. The stipulated facts before us state that this machine was not capable of ejecting something of value. Thus, the machine in question is not a slot machine according to the definition of a slot machine as set out in § 13A-12-20(10), Code of Alabama 1975.
*955 Since the appellant was charged specifically with possession of a slot machine, not possession of a gambling device, this cause is due to be and is, hereby, reversed and rendered.
REVERSED AND RENDERED.
All the Judges concur.